768 P.2d 649

Inger **GARCIA, surviving parent and personal representative of the Estate of Patrict J. Sedivy, Deceased, Plaintiff– Appellant,**

**v.**

**STATE of Arizona, a body politic; James G. Ricketts and Jane Doe Ricketts, husband and wife; Donald B. Wawrzaszek and Jane Doe Wawrzaszek, husband and wife; Alfred Grijalva and Jane Doe Grijalva, husband and wife, Defendants–Appellees.**

**No. 1 CA–CIV 9416.**

Court of Appeals of Arizona, Division 1, Department D.

April 5, 1988.

Review Dismissed March 16, 1989.

488

Haralson, Kinerk & Morey, P.C. by Dale
Haralson, Denneen L. Peterson, Gregory
G. Walsey, Tucson, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by James
R. Rummage, Judith Abramsohn, Asst. At-
tys. Gen., Phoenix, for defendants-appel-
lees.

OPINION

CONTRERAS, Judge.

This is an appeal from the trial court's
order dismissing Count II of appellant's
complaint in favor of appellee (State of
Arizona). Count II was a claim for viola-
tion of civil rights brought pursuant to 42
U.S.C. § 1983.[1] Section 1983 authorizes
the maintenance of a legal action against
every "person" who, under color of law,
deprives another of any rights, privileges,
or immunities secured by the Constitution
and federal laws. In its motion to dismiss,
the state argued that it could not be sued
under 42 U.S.C. § 1983 because it is not a
"person" within the meaning of that feder-
al statute. The trial court granted the
state's motion on the basis that in *St.
Mary's Hospital and Health Center v.
State*, 150 Ariz. 8, 11, 721 P.2d 666, 669
(App.1986) Division Two of this court held
that a state is not a "person" within the
meaning of § 1983. We find ourselves in
agreement with Division Two's conclusion
and hold that a state is not a "person"
within the meaning of 42 U.S.C. § 1983.

Appellant, Inger Garcia, as the surviving
parent and personal representative of the
estate of Patrick J. Sedivy, filed a civil
action seeking damages for the wrongful
death of her son. She named the State of
Arizona and various officials or employees
of the Arizona State Prison and their wives
as defendants, and alleged the following in
her complaint: (1) Patrick J. Sedivy was
incarcerated in the Arizona State Prison in
Florence, Arizona beginning in 1981; (2)
after his incarceration, Sedivy began to ex-
hibit extreme psychotic behavior, including
unsuccessful suicide attempts; (3) the de-
fendants failed or refused (a) to provide
medical treatment for Sedivy's mental ill-
ness, (b) to adequately supervise him, (c) to
formulate and implement adequate stan-
dards for the care and treatment of prison-
ers, and (d) to protect him from assailants
during his incarceration; and (4) as a re-
sult, Sedivy either set himself on fire or
was set on fire by an unknown person at
the prison on August 28, 1984, and, on
August 29, 1984, died from the injuries he
sustained.

Appellant's complaint listed two distinct
and separate causes of action against the
various defendants. Count I was a claim
for common-law negligence. Count II was
a claim for violation of civil rights under 42
U.S.C. § 1983 for which attorney's fees are
authorized to a successful litigant under 42
U.S.C. § 1988. In this appeal, we are faced
with and address only the propriety of the
trial court's order dismissing Count II as
against appellee State of Arizona on the
basis that a state is not a person within the
meaning of § 1983.

Appellant contends that the *St. Mary's*
decision, relied on by the trial court, in turn
relied on authorities that either do not sup-
port the proposition or are of questionable

---

1. 42 U.S.C. § 1983 reads in pertinent part:

   Every person who, under color of any stat-
   ute, ordinance, regulation, custom, or usage,
   of any State or Territory or the District of
   Columbia, subjects, or causes to be subjected,
   any citizen of the United States or other per-
   son within the jurisdiction thereof to the dep-
   rivation of any rights, privileges, or immuni-
   ties secured by the Constitution and laws,
   shall be liable to the party injured in an ac-
   tion at law, suit in equity, or other proper
   proceeding for redress.

validity. She points out that *Challenge, Inc. v. State ex rel. Corbin,* 138 Ariz. 200, 673 P.2d 944 (App.1983), a case decided by this division prior to the *St. Mary's* decision and cited in *St. Mary's,* discussed whether a state is a "person" within the meaning of 42 U.S.C. § 1983, but left that issue undecided. In *Challenge* we noted that the parties were in disagreement whether the United States Supreme Court in *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) had held that a state is not a "person" under § 1983 or had merely held that § 1983 does not abrogate a state's eleventh amendment immunity from suits in federal courts. In *Challenge* we acknowledge that the Supreme Court has not resolved how *Quern* should be interpreted and that there is respectable supporting authority on both sides. Because another issue in *Challenge* was dispositive, we then expressly declined to resolve the issue of whether the state was a "person" under § 1983, referring to it as a "knotty question of federal law." *Challenge,* 138 Ariz. at 202–03, 673 P.2d at 947.

We are unable to determine whether Division Two was presented with the full range of arguments on this issue when it held in *St. Mary's* that the state is not a "person" under § 1983. The rationale for reaching this conclusion is not stated in the opinion. Instead, the court cited *Challenge* and *Quern, supra* to support its holding. For these reasons we find it appropriate at this time to discuss and scrutinize the divergent lines of authority on this issue to determine which is the better reasoned.

The issue of whether a state or any of its agencies is a "person" within the meaning of § 1983 has been debated extensively in both state and federal courts. This issue has spawned divergent opinions in the courts because the United States Supreme Court has never expressly ruled on it, but instead has ruled on related issues. In doing so, the Supreme Court has included language in its opinions that other courts

have interpreted in different ways to reach differing results on the issue of whether the state is a "person" within § 1983. The two major United States Supreme Court cases that other courts have focused upon in reaching their determinations of this issue are *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *Quern, supra.*

In *Monell,* the Court was asked by petitioners to find that the City of New York and its agencies were subject to suit in federal court under § 1983. The eleventh amendment to the United States Constitution, which grants states immunity from suits brought in federal courts by their own citizens and citizens of other states,[2] presented no barrier to suit since it was already well established that local governmental units do not occupy the same position as the states for purposes of the eleventh amendment. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). The obstacle to suit was whether the city and its agencies constitute "persons" within the meaning of § 1983. The Supreme Court had previously ruled in *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492, 505 (1961) that "Congress did not undertake to bring municipal corporations within the ambit of [§ 1983]." In *Monell,* however, after extensively analyzing the legislative history of the Civil Rights Act of 1871, from which § 1983 was derived, the Court, in an opinion written by Justice Brennan, concluded that Congress did intend municipalities and other local governmental units to be included among the "persons" to whom § 1983 applies and overruled that portion of *Monroe v. Pape,* that held to the contrary.

The *Monell* Court expressly stated in a footnote to the opinion that its holding was "limited to local government units which are not considered part of the State for

---

**2.** The eleventh amendment by its terms does not bar suits against a state by its own citizens, but the United States Supreme Court has consistently held that an unconsenting state is immune from suits brought in federal courts by her own

citizens as well as those by citizens of another state. *See, e.g., Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Eleventh Amendment purposes." *Monell*, 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54, 56 L.Ed.2d at 635, n. 54. Even so, some courts, reasoning that it would be inconsistent to regard municipalities and states as different under § 1983, have held that states are "persons" based on *Monell* and therefore are subject to suit except to the extent of their eleventh amendment immunity. *See, e.g., Atchison v. Nelson*, 460 F.Supp. 1102, 1107 (D.Wyo.1978). Other courts have held that states are not "persons" under § 1983 based on the fact that *Monell* restricted its holding to municipalities. *See, e.g., Clark v. Michigan*, 498 F.Supp. 159, 161 (E.D.Mich.1980).

The Supreme Court's decision in *Quern*, handed down the year after *Monell*, added more fuel to the already flaming debate over whether Congress intended states to be "persons" amenable to suit under § 1983. *Quern* was a sequel to the case of *Edelman v. Jordan, supra*. The *Edelman* case had been a class action brought pursuant to § 1983 against state officials who were administering joint federal-state programs of aid. The district court had not only granted declaratory and injunctive relief to the class, but also had made a retroactive award of benefits requiring payment of funds from the state treasury. The court of appeals had affirmed the district court's judgment in *Jordan v. Weaver*, 472 F.2d 985 (7th Cir.1973). The Supreme Court found the award of prospective relief to be appropriate pursuant to *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court held that the eleventh amendment does not bar an action in the federal courts brought to enjoin a state official from enforcing a statute claiming to violate the United States Constitution. *Edelman*, 415 U.S. at 663–64, 94 S.Ct. at 1356, 39 L.Ed.2d at 673. However, the court struck down the retroactive award as being in violation of the eleventh amendment, holding:

> But it has not heretofore been suggested that § 1983 was intended to create a waiver of a State's Eleventh Amendment immunity merely because an action could be brought under that section against state officers, rather than against the State itself. Though a § 1983 action may be instituted by public aid recipients such as respondent, a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, *Ex parte Young, supra*, and may not include a retroactive award which requires the payment of funds from the state treasury, *Ford Motor Co. v. Department of Treasury*, [323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945)], *supra*.

*Edelman*, 415 U.S. at 675–77, 94 S.Ct. at 1362, 39 L.Ed.2d at 680–81.

In *Quern*, the respondents, in arguing on behalf of the class, suggested to the Court that its decision in *Edelman* had been eviscerated by later decisions such as *Monell*. The Court disagreed, pointing out that its holding in *Monell* had been limited to local government units, which are not considered part of the state for eleventh amendment purposes, and stating that "our Eleventh Amendment decisions subsequent to *Edelman* and to *Monell* have cast no doubt on our holding in *Edelman*." *Quern*, 440 U.S. at 338, 99 S.Ct. at 1144, 59 L.Ed.2d at 365.

The *Quern* decision contains a vigorous debate between Justice Rehnquist, writing for the seven member majority, and Justice Brennan, concurring separately, over whether the Congress that passed the Civil Rights Act of 1871 intended to subject the states to liability under 42 U.S.C. § 1983. Justice Brennan pointed out that the court in *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), held that Congress, in determining what is appropriate legislation for the purposes of enforcing the provisions of the fourteenth amendment, may abrogate the eleventh amendment immunity and allow private suits against states. *Quern*, 440 U.S. at 350, 99 S.Ct. at 1150, 59 L.Ed.2d at 373. Brennan then quoted from much of the same legislative history that had been examined in *Monell*. He expressed his opinion that if the issue of whether Congress had intended the state to be a "person" within § 1983 were to be decided, states should be "persons" for the same reason that municipali-

ties were found to be "persons" in *Monell. Quern,* 440 U.S. at 357, 99 S.Ct. at 1154, 59 L.Ed.2d at 377.

Justice Rehnquist, however, found the sources cited by Justice Brennan to be "slender 'evidence' that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the states." *Quern,* 440 U.S. at 341, 99 S.Ct. at 1145, 59 L.Ed.2d at 367. Among the many remarks made by Justice Rehnquist on this subject, he stated:

> [N]either logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the 1871 Act compels, or even warrants, a leap from this proposition to the conclusion that Congress intended by the general language of the Act to overturn the constitutionally guaranteed immunity of the several States.

*Id.* at 342, 99 S.Ct. at 1146, 59 L.Ed.2d at 367 (footnote omitted). Justice Rehnquist also remarked that in *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), the "Court rejected a similar attempt to interpret the word 'person' in § 1983 as a withdrawal of the historic immunity of state legislators." *Quern,* 440 U.S. at 342–43, 99 S.Ct. at 1146, 59 L.Ed.2d at 368. Rehnquist went on to couch his holding in *Quern* in terms of the eleventh amendment. He held that Congress had not intended for § 1983 to abrogate eleventh amendment immunity. His holding contains no reference to whether Congress also did not intend a state to be a "person" pursuant to § 1983. *Id.* at 333–45, 99 S.Ct. at 1141–47, 59 L.Ed.2d at 362–69.

Justice Brennan, however, indicated that the majority had by its decision concluded, although in dicta, that a state is not a "person" for purposes of § 1983. *Id.* at 350–66, 99 S.Ct. at 1150–58, 59 L.Ed.2d at 372–82. He reasoned that if Congress had intended the states to be "persons" for § 1983 purposes, the states' immunity under the eleventh amendment would be abrogated by this statute. *Id.*

Since the eleventh amendment protects states from suits only in federal courts and only if they have not consented to suit, the issue of whether the state is a "person" within § 1983 becomes relevant when suit is brought in state court, such as we find in the case before us, or when the state has consented to suit in the federal courts. The clear majority of jurisdictions that have considered the issue have held that a state is not a "person" within § 1983. Decisions from state courts, including Division Two of this court, holding with the majority include the following: *St. Mary's Hospital and Health Center v. State, supra; State v. Green,* 633 P.2d 1381 (Alaska 1981); *Pyne v. Meese,* 172 Cal.App.3d 392, 218 Cal.Rptr. 87 (1985); *Burke v. Morgan,* C.A. No. 85C–JA–95 (Del.Super.Ct. Jan. 22, 1987) [Available on WESTLAW, 1987 WL 6453]; *Arney v. Dep't of Natural Resources,* 448 So.2d 1041, 1045 (Fla.App. 1 Dist.1983); *Merritt for Merritt v. State,* 108 Idaho 20, 696 P.2d 871 (1985); *Woodbridge v. Worcester State Hosp.,* 384 Mass. 38, 423 N.E.2d 782 (1981); *Will v. Dep't of Civil Serv.,* 145 Mich.App. 214, 377 N.W.2d 826 (1985); *Bird v. Dep't of Public Safety,* 375 N.W.2d 36 (Minn.App.1985); *Shaw v. City of St. Louis,* 664 S.W.2d 572 (Mo.App. 1983), *cert. denied,* 469 U.S. 849, 105 S.Ct. 165, 83 L.Ed.2d 101; *Marx v. Cuomo,* 128 A.D.2d 965, 513 N.Y.S.2d 285 (Sup.Ct.App. Div.1987); *Edgar v. State,* 92 Wash.2d 217, 595 P.2d 534 (1979), *cert. denied,* 444 U.S. 1077, 100 S.Ct. 1026, 62 L.Ed.2d 760; *Boldt v. State,* 101 Wis.2d 566, 305 N.W.2d 133 (1981), *cert. denied,* 454 U.S. 973, 102 S.Ct. 524, 70 L.Ed.2d 393.

In our opinion many of the cases that hold a state is not a person pursuant to § 1983 are of little analytical value because they summarily conclude that the state is not a person without providing any rationale or by merely stating that *Quern* so holds. It is unclear whether some courts have distinguished between the eleventh amendment immunity issue and the issue of whether the state is a "person."

Several of the cases, however, show a more reasoned approach in reaching this same conclusion. They acknowledge that *Quern* does not expressly hold that the state is not a person but conclude that *Quern* should be interpreted as so holding

or that, at least without further clarification from the Supreme Court, a state's liability for damages under § 1983 should not depend on whether suit is brought in state or federal court. *See, e.g., State v. Green,* 633 P.2d at 1382; *Burke v. Morgan,* No. 85C–JA–95 (Del.C.A. Jan. 22, 1987) (slip opinion); *Merritt for Merritt v. State,* 696 P.2d at 877; *Woodbridge v. Worcester State Hospital,* 384 Mass. at 44–5, n. 7, 423 N.E.2d at 786, n. 7; *Will v. Department of Civil Service,* 145 Mich. App. at 224, 377 N.W.2d at 830–31;[3] *Edgar v. State,* 92 Wash.2d at 221, 595 P.2d at 537.

After studying the majority opinion and Justice Brennan's concurring opinion in *Quern,* we too conclude that *Quern* should be interpreted as impliedly holding that states are not "persons" within § 1983 for the following reason. It is well settled that Congress has the authority to abrogate eleventh amendment immunity when it finds this to be necessary to enforce the fourteenth amendment. *Fitzpatrick,* 427 U.S. at 456, 96 S.Ct. at 2671, 49 L.Ed.2d at 621. In *Monell,* the Supreme Court examined the legislative history upon which § 1983 was based, and concluded that Congress intended municipalities to be "persons" within § 1983. The majority in *Quern* looked at that same legislative history and found nothing to indicate that Congress intended to abrogate eleventh amendment immunity of the states. If the legislative history showed that Congress intended states to be "persons," this would provide strong evidence that Congress also intended to abrogate eleventh amendment immunity. Yet, rather than find strong evidence, the *Quern* majority expressly found the evidence shown in the legislative history to be very weak in establishing congressional intent to abrogate eleventh amendment immunity. In the absence of clarification or a definitive pronouncement from the Supreme Court, we must conclude

from this, as Justice Brennan did, that the majority in *Quern* impliedly also held that states are not "persons" within § 1983.

We have also examined federal cases holding that the state is a "person" within § 1983. We find the reasoning of these cases to be flawed. The appellant relies heavily on *Marrapese v. Rhode Island,* 500 F.Supp. 1207 (D.R.I.1980), which has often been followed by other courts that have reached the conclusion that the state is a "person" within § 1983. *See, e.g., Della Grotta v. Rhode Island,* 781 F.2d 343 (1st Cir.1986); *Irwin v. Calhoun,* 522 F.Supp. 576 (D.Mass.1981). The court in *Marrapese* began by reasoning that since the majority in *Quern* did not expressly state that the term "person" did not include states, it left the question open. It then determined that for the same reasons the Court in *Monell* found, from legislative history, that municipalities were "persons," states were also "persons" within § 1983. *Marrapese,* 500 F.Supp. at 1210–12. We reject this approach since, in our opinion, it fails to take into proper account the debate in *Quern* between Justices Rehnquist and Brennan over the meaning and significance of this legislative history.

Appellant also relies on *Harris v. Arizona Board of Regents,* 528 F.Supp. 987 (D.Ariz.1981). *Harris* rejected any interpretation of *Quern* as holding that states and state agencies are not § 1983 "persons," pointing out that the majority opinion in *Quern* states "that its decision did not 'render § 1983 meaningless insofar as States are concerned. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).'" *Harris,* 528 F.Supp. at 992, citing *Quern,* 440 U.S. at 345, 99 S.Ct. at 1147, 59 L.Ed.2d at 369. The *Harris* court concluded that "the plain inference to be drawn from the Court's statement in reference to *Ex parte Young* is that States and state agencies are not removed from the

---

**3.** Other panels of the Michigan appellate court have taken a different approach from that taken in *Will,* but have reached the same conclusion that a cause of action against the state had not been stated. These panels found that states were "persons" within § 1983 but that Congress did not intend to abrogate a state's sovereign immunity against its will by permitting § 1983 suits in state courts while barring them in federal courts. *See Lowery v. Dep't of Corrections,* 146 Mich.App. 342, 380 N.W.2d 99 (1985); *Karchefske v. Dep't of Mental Health,* 143 Mich.App. 1, 371 N.W.2d 876 (1985).

class of § 1983 'persons' simply because they may be able to raise an Eleventh Amendment defense." *Harris,* 528 F.Supp. at 992. Having reached this conclusion, the *Harris* court found states to be "persons," believing *Monell* would lead to this conclusion. *Harris,* 528 F.Supp. at 992.

We believe the *Harris* court improperly interpreted the reference in *Quern* to the fact that the *Quern* opinion would not render § 1983 meaningless as to the states. This statement and the reference to *Ex parte Young* obviously point out that it is still possible to obtain prospective relief aimed at the state through suit against state officials carrying out state policies and laws. However, we do not find it reasonable to interpret this language as leaving open the possibility that states are "persons" within § 1983 so that they would be liable in damages. The statement simply does not touch on this issue.

Appellant also points out that in *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), the Supreme Court considered a case in which a § 1983 suit had been brought against a state. It does not appear, though, that any issue was raised contesting whether the state was a "person" within § 1983. Therefore, this case provides no authority on that particular issue.

We have found that a few state courts, in addition to the federal decisions previously discussed, have concluded that states are "persons" within § 1983. *Uberoi v. Univ. of Colorado,* 713 P.2d 894 (Colo. 1986); *Stanton v. Godfrey,* 415 N.E.2d 103 (Ind.App.1981); *Gumbhir v. Kansas State Bd. of Pharmacy,* 231 Kan. 507, 646 P.2d 1078 (1982) *cert. denied,* 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950; *Ramah Navajo School Bd. v. Bureau of Revenue,* 104 N.M. 302, 720 P.2d 1243 (App.1986), *cert. denied,* 479 U.S. 940, 107 S.Ct. 423, 93 L.Ed.2d 373. Our review discloses that these cases either ignore *Quern* and reach their conclusions based on *Monell* or find the state to be a "person" solely where prospective injunctive relief is sought, which is not a consideration in the case

before us. We find nothing in these cases to dissuade us from concluding that *Quern* should be interpreted as holding that states are not "persons" within § 1983.

We affirm the decision of the trial court dismissing the claim against the State of Arizona brought pursuant to 42 U.S.C. § 1983. In so doing, we expressly hold that a state is not a "person" within the meaning of 42 U.S.C. § 1983.

FROEB, P.J., and MATHESON, J. Pro Tem., concur.

*Note*: The Honorable ALAN A. MATHESON, Judge *Pro Tempore*, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 and 12–147.