817 P.2d 493

**Arnold CARRILLO, Plaintiff–Appellant,**

**v.**

**STATE of Arizona, Arizona Department of Corrections; James Ricketts, former Director of the Department of Corrections, Defendants–Appellees.**

**1 CA–CV 89–617.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 5, 1991.

504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). *See Coursey v. Broadhurst,* 888 F.2d 338, 342 n. 4

(5th Cir.1989).

Arnold Carrillo, in pro. per.

Jones, Skelton & Hochuli by Georgia A. Staton, Phoenix, for defendants-appellees.

## OPINION

McGREGOR, Judge.

Arnold Carrillo (Carrillo) appeals from the trial court's order dismissing his 42 U.S.C. § 1983 (section 1983) action for failure to state a claim upon which relief can be granted. We conclude that the complaint failed to state a claim against defendants State of Arizona (the state) and the

Arizona Department of Corrections (ADOC). We further conclude that the complaint states a claim against James Ricketts (Ricketts), former director of ADOC, in Ricketts' personal capacity.

## I.

This action began in 1985, when Carrillo instituted proceedings against the state, ADOC and Ricketts (the defendants) seeking compensatory and punitive damages for injuries allegedly arising out of medical care he received or failed to receive while in ADOC's custody.[1] Carrillo asserted four theories, designated as four claims for relief: denial of his federally protected rights pursuant to section 1983; breach of statutory duty to provide medical care pursuant to A.R.S. § 31–201.01.D; negligence; and the infliction of cruel and unusual punishment in violation of the eighth amendment to the United States Constitution. By order dated June 26, 1986 (the 1986 order), the trial court dismissed Carrillo's claims asserting breach of statutory duty and violation of the eighth amendment and entered summary judgment against Carrillo on the negligence claim. The court concluded, however, that material issues of fact existed as to whether the defendants' alleged delay in treating Carrillo demonstrated a deliberate indifference to his needs and denied defendants' motion for summary judgment related to the section 1983 claim.

The parties tried the section 1983 claim to a jury. At the close of evidence, the court granted the defendants' motion for a directed verdict. The trial court subsequently denied Carrillo's motion for a new trial, awarded the defendants costs and attorneys' fees, and entered judgment for defendants.

Carrillo timely filed a notice of appeal. By memorandum decision, this court held that the trial court erred in directing a verdict against Carrillo because he had adduced sufficient evidence to permit reasonable jurors to return a verdict in his favor on the section 1983 claim. Accordingly, we remanded the matter to the trial court for further proceedings. *Carrillo v. Department of Corrections*, 1 CA–CIV 9847 (Dec. 30, 1988).

Before the court scheduled a new trial of Carrillo's action, the United States Supreme Court issued its decision in *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In its decision, the Court considered the reach of section 1983 and clarified prior decisions by holding that because neither a state nor its official acting in an official capacity is a "person" within the meaning of section 1983, neither is subject to suit for damages in an action brought pursuant to that statute. *See also Garcia v. State*, 159 Ariz. 487, 768 P.2d 649 (App. 1988) (state is not a "person" within the meaning of section 1983). Relying upon *Will* and *Garcia*, the defendants moved to dismiss Carrillo's section 1983 count for failure to state a claim. In response, Carrillo argued that the acts of the defendants took place outside the scope of their employment and official capacities. Carrillo also moved the trial court to reconsider its 1986 order dismissing his breach of statutory duty and eighth amendment claims and further moved to amend his complaint to include a separate claim for relief for the imposition of cruel and unusual punishment pursuant to article 2, section 15 of the Arizona Constitution. The trial court dismissed Carrillo's section 1983 claim and entered judgment in favor of all defendants. The trial court did not expressly rule on the motion to amend or the motion for rehearing.

Carrillo timely filed a notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101.B.

## II.

■ As *Will* and *Garcia* make clear, Carrillo's section 1983 action against Rick-

---

**1.** The only individual defendant remaining in this action is James Ricketts. Carrillo also named "John Doe I Through V" as defendants. The record indicates, however, that Carrillo never served these fictitious defendants. Accordingly, the action against them abated. Rule 6(f), Arizona Rules of Civil Procedure.

etts could survive the motion to dismiss for failure to state a claim only if Carrillo adequately alleged a claim against Ricketts *acting in his individual capacity.* Because Ricketts' motion to dismiss relied upon Rule 12(b)(6), Arizona Rules of Civil Procedure, we will affirm the trial court's grant of the motion only if Carrillo would not be entitled to relief under any state of facts susceptible of proof. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594, 667 P.2d 1304, 1309 (1983). A motion to dismiss for failure to state a claim admits the truth of all material allegations of the non-moving party. *Citizens' Committee for Recall of Jack Williams v. Marston*, 109 Ariz. 188, 192, 507 P.2d 113, 117 (1973). Applying those standards, we conclude that the trial court erred in dismissing the section 1983 claim against Ricketts because Carrillo's complaint, broadly read, does state a claim against Ricketts in his personal capacity.[2]

We examine the sufficiency of Carrillo's complaint in light of the distinction between personal and official capacity suits under section 1983. In *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985), the Court delineated the differences between the two types of actions as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237–238, 94 S.Ct. 1683, 1686–1687, 40 L.Ed.2d 90 (1974). Official capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon [v. Holt]*,

*supra*, 469 U.S. [464], at 471–472, 105 S.Ct. [873], at 878 [83 L.Ed.2d 878 (1985)]. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Thus, to impose personal liability upon Ricketts in his section 1983 action, Carrillo must show that Ricketts, "acting under the color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105, 87 L.Ed.2d at 122. A decision that an action is a personal capacity suit has important repercussions. The plaintiff in a section 1983 action can recover monetary damages, including punitive damages, only against a defendant named in his personal capacity. *Gregory v. Chehi*, 843 F.2d 111, 120 (3rd Cir.1988). Balanced against that right of recovery, however, is the right of a defendant named in his personal capacity to assert a defense of qualified or absolute immunity, a defense not available to one named in his official capacity. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 638, 100 S.Ct. 1398, 1409, 63 L.Ed.2d 673, 685 (1980).

Carrillo's complaint is devoid of any explicit indication of the capacity in which Ricketts is being sued. Other courts have adopted varying approaches to determine the effect of a plaintiff's failure to designate expressly the capacity in which a defendant is named.

The defendants, urging us to adopt a literal approach, argue that Carrillo's complaint is deficient because he failed to use the words "official capacity" or "personal capacity" in his complaint. To support their argument, defendants rely on *Nix v. Norman*, 879 F.2d 429 (8th Cir.1989). In *Nix*, the court held that "section 1983 liti-

---

**2.** The defendants do not contend that Carrillo's complaint is otherwise deficient. Accordingly, we do not address any aspect of the complaint other than whether it states a claim against Ricketts in his personal capacity.

gants wishing to sue government agents in [their official and personal capacities] should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" 879 F.2d at 431 (quoting *Rollins by Agosta v. Farmer,* 731 F.2d 533, 536 n. 3 (8th Cir.1984); *see also Wells v. Brown,* 891 F.2d 591, 593 (6th Cir.1989) (the face of the complaint must indicate whether a plaintiff seeks to recover damages from a state official personally). The court's holding in *Nix,* however, derived in part from eleventh amendment considerations, which impose jurisdictional limits on federal courts in section 1983 actions brought against states and their officials. These considerations, however, do not apply to section 1983 actions commenced in state court, as was this action. *Will,* 491 U.S. at 63–4, 109 S.Ct. at 2307, 105 L.Ed.2d at 53.

■ Because a state official acting in his official capacity is not amenable to suit for damages under section 1983, a plaintiff should allege specifically the capacity in which he is suing the official. Such specificity both relieves courts from the difficulty inherent in interpreting an ambiguous complaint and gives the defendant clear notice of his possible personal liability for damages. We decline to hold, however, that failure to allege specifically official or personal capacity will be the death knell of a section 1983 action or that an allegation of capacity, standing alone, is determinative of this issue. Such a conclusion would result in a harsh elevation of form over substance.[3]

■ The alternative approach used to evaluate a section 1983 complaint, and the approach we adopt, is that referred to as the "interpretive" approach. That approach, applied by the Supreme Court in *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), requires us to examine the pleadings and the "course of proceedings" to determine whether an official is named in his personal or official

capacity. In *Brandon,* the Court held that although the complaint did not allege the capacity in which the defendant director of police was being sued, the claimant's summary judgment motion, counsels' opening statements and the trial court's evidentiary rulings indicated that the official was being sued in his official capacity. 469 U.S. at 469–70, 105 S.Ct. at 876–77, 83 L.Ed.2d at 884. In *Gregory,* 843 F.2d at 119–20, the court concluded that, although the complaint did not indicate the capacity in which individual defendants were sued, the fact that the plaintiff sought punitive damages from them indicated they must be named in their personal capacity. In *Melo v. Hafer,* 912 F.2d 628, 636 (3rd Cir.1990), *cert. granted,* — U.S. —, 111 S.Ct. 1070, 112 L.Ed.2d 1176 (1991), the court noted that the caption named only the individual state official, that the plaintiff requested damages only from the individual official, and that the official raised the defense of qualified immunity. Those facts, the court concluded, were sufficient to permit the action to proceed against the defendant in her personal capacity. *Id.*

■ Carrillo's section 1983 claim alleges that the actions of which he complains were "done under color of state law by defendants to plaintiff." In addition, Carrillo asks for monetary damages, including compensatory and punitive damages, against the defendants, "except the state and the DOC...." Both those factors indicate that the complaint against Ricketts names him in his personal capacity. The course of proceedings further indicates that the defendants regarded the action as one alleging personal liability. In the answer, defendants asserted a defense of qualified immunity, which is available only to a government official sued in a personal rather than official capacity.

Although Carrillo's complaint is less than a model of clarity, we conclude that it sufficiently alleges that Ricketts acted in

---

**3.** Applying the literal approach to section 1983 actions filed in state court also appears inconsistent with Rule 9(a), Arizona Rules of Civil Procedure, which provides that one party need

not aver the capacity of another party to be sued, "except to the extent required to show the jurisdiction of the court."

his personal capacity to withstand a motion to dismiss based upon Rule 12(b)(6).[4]

### III.

■ Carrillo concedes, as he must, that the holdings of *Will* and *Garcia,* standing alone, require dismissal of the state and ADOC. He contends, however, that A.R.S. § 31–201.01.E permits him to pursue his action against the state. According to Carrillo, by enacting that statute the legislature "made the state the only possible suable entity with respect to any tort," including section 1983 actions, and therefore broadened the reach of section 1983 in actions brought against the state. This argument, however, ignores the import of the state statute and its relationship to section 1983.

Section 31–201.01.E provides:

Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department [of corrections], within the scope of their legal duty, shall run only against the state.

We agree with defendants that this state immunity statute does not control the resolution of Carrillo's section 1983 claim, even though Carrillo filed the claim in state court. *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, 488 (1980). We cannot read the state statute to eliminate entirely section 1983 claims against corrections officials. Such a construction would permit a state immunity statute to control a federal statute and "would transmute a basic guarantee into an illusory one." *Id.* at 284 n. 8, 100 S.Ct. at 558 n. 8, 62 L.Ed. at 488 n. 8 (citing *McLaughlin v. Tilendis,* 398 F.2d 287, 290 (7th Cir.1968)); *see also Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (section 1983 preempts a state statute that procedurally defeats the federal cause of action); *Morgan v. City of Phoenix,* 162 Ariz. 581, 785 P.2d 101 (App.

1989) (*Felder* recognized that a state notice of claims statute is inapplicable to section 1983 actions in state court).

Carrillo argues, however, that the state statute applies because, in this case, applying the statute does not defeat the section 1983 action. Rather, the statute expands the state's liability by making it the party amenable to suit in all tort claims, including section 1983 actions, involving prison officials and employees. We disagree. First, because the state is not a "person" within the meaning of section 1983, even its consent to be sued does not make it amenable to suit. *Will,* 491 U.S. at 85, 109 S.Ct. at 2319, 105 L.Ed.2d at 67 (Brennan, J., dissenting). Second, section 1983 actions are not tort claims; they "provide a limited private cause of action for damages resulting from the violation of constitutional rights...." *Morgan,* 162 Ariz. at 584, 785 P.2d at 104. Section 1983 provides a uniquely federal remedy. "[I]t is 'the purest coincidence' [citation omitted] when state statutes or the common law provide for equivalent remedies; any analogies to those causes of action are bound to be imperfect." *Wilson v. Garcia,* 471 U.S. 261, 272, 105 S.Ct. 1938, 1945, 85 L.Ed.2d 254, 264 (1985). We conclude, therefore, that section 31–201.01.E does not apply to section 1983 claims, either to eliminate completely claims against prison officials or to extend liability to the state.

### IV.

Carrillo next argues that the trial court abused its discretion by failing to reconsider the 1986 order dismissing his claims based on breach of A.R.S. § 31–201.01.D and the eighth amendment. We disagree.

The 1986 order dismissing Carrillo's claims became final and appealable upon the trial court's adjudication of all Carrillo's claims and entry of final judgment. A.R.S. § 12–2101.B. The only argument Carrillo asserted in his prior appeal was that the trial court erred in directing a

---

4. The defendants assert that, during the course of the first trial, Carrillo presented no evidence showing that Ricketts was responsible for Carrillo's allegedly inadequate medical care. While Carrillo's inability to substantiate his allegations is an appropriate consideration for summary judgment proceedings, this appeal involves only the order granting the motion to dismiss. We express no opinion as to the likely outcome of summary judgment proceedings.

verdict against him on the section 1983 claim; Carrillo did not argue that the trial court erred in dismissing his other claims.

 Issues not clearly raised and argued on appeal are waived. *Jones v. Burk,* 164 Ariz. 595, 597, 795 P.2d 238, 240 (App. 1990). By failing to raise this issue on prior appeal, Carrillo waived the argument he now attempts to assert. Moreover, this court's resolution of the matter on prior appeal clearly indicated that we remanded the matter to the trial court for the limited purpose of proceeding with the section 1983 claim; the trial court had no authority to deviate from that mandate. *See Bryfogle v. Arizona Department of Corrections,* 153 Ariz. 598, 600, 739 P.2d 819, 821 (App.1987) (trial court is not free to deviate from an appellate court's mandate giving the trial court specific directions). Accordingly, we hold that the trial court did not abuse its discretion by failing to reconsider the 1986 order.

### V.

Carrillo also argues that the trial court abused its discretion by failing to grant his motion to amend his complaint to add a fifth and separate claim for relief based on article 2, section 15 of the Arizona Constitution.[5] The trial court did not expressly grant or deny Carrillo's motion to amend his complaint but entered judgment pursuant to its order granting defendants' motion to dismiss the section 1983 claim. Because Carrillo presented his motion to amend in his response to the motion to dismiss the section 1983 action, we assume that the trial court considered and denied the motion.

 We will not disturb the trial court's denial of a motion to amend a com-

plaint absent an abuse of discretion. *Hall v. Romero,* 141 Ariz. 120, 124, 685 P.2d 757, 761 (App.1984). Carrillo requested leave to amend his complaint and add the additional claim approximately two weeks before trial, more than four years after he filed his action, and after the close of discovery. Given these circumstances, we conclude that the trial court did not abuse its discretion in denying the motion to amend the complaint. *Cf. Owen v. Superior Court,* 133 Ariz. 75, 81, 649 P.2d 278, 283 (1982) (trial court does not abuse its discretion in denying a motion to amend if the amendment comes late and raises new issues requiring preparation for factual discovery).

### VI.

For the foregoing reasons, we affirm the trial court's order dismissing Carrillo's section 1983 claim as to the state and ADOC. We reverse the judgment dismissing the claim as to Ricketts and remand for further proceedings consistent with this opinion.

The defendants request attorneys' fees and costs on appeal pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure. They have failed, however, to identify the substantive statute or rule upon which they rely in requesting such an award; Rule 21 is merely a procedural device for requesting costs and fees on appeal. Accordingly, we deny the request.

---

5. That section provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."