FILED

NOT FOR PUBLICATION

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLINTON LEE SPENCER,

Plaintiff - Appellant,

v.

JEFFREY A. SHARP, M.D.; et al.,

Defendants - Appellees.

No. 11-15964

D.C. No. 2:10-cv-00249-SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Clinton Lee Spencer, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference and negligence claims. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Spencer's deliberate indifference claims because Spencer failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to his vision and eye health, or whether defendants had any involvement in the alleged violations. *See id.* at 1057-58 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to an inmate's health or safety; mere negligence or a difference of medical opinion is insufficient); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation . . . .").

The district court properly granted summary judgment on Spencer's negligence claims because defendants are immune under Arizona law. *See* Ariz. Rev. Stat. § 31-201.01(F) ("Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state."); *see also Carrillo v. State*, 817 P.2d 493, 498-99 (Ariz. Ct. App. 1991) (distinguishing Arizona tort claims from § 1983 claims).

Spencer's contention that the district court did not provide sufficient time for

2                                                                                      11-15964

discovery is unpersuasive because Spencer failed to request additional time for discovery or identify evidence that would have precluded summary judgment. *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 & n.6 (9th Cir. 2001) (grounds for granting additional time for discovery under Fed. R. Civ. P. 56(f)).

Spencer's contention that the district court erred in considering new arguments raised in defendants' reply brief is unpersuasive because the court considered Spencer's sur-reply, in which he addressed the new arguments. *Cf. JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (new evidence presented in a reply should not be considered without giving the non-movant an opportunity to respond).

Contrary to Spencer's assertion, the district court granted his motion to add exhibits in support of his motion for summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Spencer's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**

11-15964