NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DALE FRANK MAISANO, *Plaintiff/Appellant*,

*v.*

KENNETH MERCHANT, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0106
FILED 12-22-2015

Appeal from the Superior Court in Maricopa County
No. CV2014-010842
The Honorable Lori Horn Bustamante, Judge

**AFFIRMED IN PART; DISMISSED IN PART**

COUNSEL

Dale Frank Maisano, Florence
*Plaintiff/Appellant*

Renaud Cook Drury Mesaros, PA, Phoenix
By J. Scott Conlon
*Counsel for Defendant/Appellee Merchant*

Arizona Attorney General's Office, Phoenix
By Michael E. Gottfried
*Counsel for Defendant/Appellee the State of Arizona*

_____

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

_____

H O W E, Judge:

¶1        Dale Frank Maisano appeals the trial court's order dismissing his complaint against the State of Arizona and Dr. Kenneth Merchant. For the following reasons, we affirm with regards to the State, but dismiss the appeal as it relates to Dr. Merchant.

## FACTS AND PROCEDURAL HISTORY

¶2        Maisano is incarcerated at an Arizona prison in Maricopa County. In May 2014, he sued the State of Arizona and Dr. Merchant, an employee of Corizon Health who examined Maisano in prison, because Maisano was not provided "a reasonable level of healthcare as required by law." As supporting authority, Maisano cites the Civil Rights Act, *Walmart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Estelle v. Gamble*, 429 U.S. 97 (1976), and *Casey v. Lewis*, 834 F. Supp. 1477 (D. Ariz. 1993). Maisano complained of many ailments, including that he had "no mental health care," had been "denied [access to a] facility to accommodate his needs," lacked "food that would not make [him] ill," and was suffering from hand, finger, eye, kidney, and dental issues. Among others forms of relief, he requested "proper care and correction of all medical issues," placement "in a proper medical unit," "payment for lack of care," and "trillions of U.S. Dollars."

¶3        The State moved to dismiss Maisano's complaint for lack of jurisdiction over the subject matter and failure to state a claim under Arizona Rule of Civil Procedure 12(b)(1) and (6), respectively. The State argued that the trial court did not have jurisdiction over it because constitutional claims under 42 U.S.C. § 1983 can only be brought against individual defendants, not a state. The State also argued that Maisano presented no claims against the State other than an allegation that Dr. Merchant worked for Corizon Health, "whom is contracted for by the State of Arizona, which are as well Defendants." The State also noted that Maisano was a "notorious, vexatious litigant who has a vexatious litigant order against him in the United States District Court for the District of

2

Arizona for his repeated, relentless, abusive, frivolous filings." The State attached the district court's 1992 vexatious litigant order against Maisano to its motion. The trial court granted the State's motion with prejudice because "no amendment will cure the Plaintiff's alleged claim(s)." The court also "declar[ed] the Plaintiff's pleading to be without substantial justification."

¶4            Dr. Merchant, appearing specially to contest jurisdiction, also moved for dismissal, as relevant here, for failure to state a claim. Dr. Merchant argued that Maisano's complaint merely "disagrees with the course of treatment chosen by the prison medical providers and does not attribute any conduct by Dr. Merchant that violated his constitutional rights." In an unsigned minute entry, the trial court granted Dr. Merchant's motion to dismiss.

¶5            Maisano prematurely appealed. The trial court subsequently issued an Arizona Rule of Civil Procedure 54(b) final judgment in the State's favor, but not one relative to the claim against Dr. Merchant.

**DISCUSSION**

¶6            As an initial matter, this Court "has a duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991). Although Maisano prematurely appealed the trial court's minute entries, the court's subsequent entry of a Rule 54(b) judgment in favor of the State provides this Court with jurisdiction over it. *See Craig v. Craig*, 227 Ariz. 105, 107 ¶ 13, 253 P.3d 624, 626 (2011) (providing that a prematurely filed notice of appeal is nonetheless effective if the trial court has made a final decision and the only remaining task is merely ministerial); *Robinson v. Kay*, 225 Ariz. 191, 192–93 ¶¶ 4–5, 236 P.3d 418, 419–20 (App. 2010) (providing that although our jurisdiction is generally limited to final judgments that disposes of all claims and all parties, Rule 54(b) permits a trial court to enter an appealable final judgment on fewer than all the claims). But because no signed final judgment was entered in favor of Dr. Merchant with Rule 54(b) language, we do not have jurisdiction over him and accordingly dismiss the appeal against him. *See* A.R.S. § 12–2101(A)(1) (providing that an appeal may be taken from "a final judgment"); *Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224 ¶ 8, 338 P.3d 328, 332 (App. 2014) ("[T]his court lacks jurisdiction over an appeal from a judgment that does not resolve all claims as to all parties and that does not include Rule 54(b) language.").

¶7            As another initial matter, the State attached a district court order to its motion to dismiss. This ordinarily transforms a motion to dismiss into a motion for summary judgment. *Drew v. Prescott Unified School Dist.*, 233 Ariz. 522, 524 ¶ 7, 314 P.3d 1277, 1280 (App. 2013). However, the extrinsic matters "neither add[ed] to nor subtract[ed] from the [alleged] deficiency of the pleading" and do not provide additional information concerning the merits of Maisano's claims. *See Brosie v. Stockton*, 105 Ariz. 574, 576, 468 P.2d 933, 935 (1970). Further, the record contains no indication that the trial court relied on or considered the additional material—and instead continued to treat the motion as one to dismiss the complaint. Maisano's right under Rule 12(b) to a reasonable opportunity to present all material made pertinent to such a motion by Arizona Rule of Civil Procedure 56 includes the right to some indication from the court that it is treating the Rule 12(b) motion as one for summary judgment. *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508, 744 P.2d 29, 35 (App. 1987). Because this was not the case here, we therefore treat the motion to dismiss as a motion to dismiss under Rule 12(b).

¶8            On appeal, Maisano does not argue that the trial court erred in granting the State's motion to dismiss on ground of lack of jurisdiction or failure to state a claim. Instead, he maintains that he has not received constitutionally-required medical care in prison under federal law, citing various federal statutes and cases. Because Maisano does not argue that the court improperly dismissed his case on his federal law claims, he has abandoned them. *See State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n.9, 94 P.3d 1119, 1147 n.9 (2004) (providing that failure to argue a claim constitutes abandonment and waiver of that claim).

¶9            Regardless of the waiver, as best we understand Maisano's argument and to the extent that the complaint asserts federal claims under 42 U.S.C. § 1983, the trial court did not err in dismissing the complaint for lack of jurisdiction and failure to state a claim. Section 1983 provides that "[e]very person who, under color of any statute . . . , shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Accordingly, to state a claim for relief in an action brought under § 1983, a plaintiff must establish that a "person" acting under color of state law deprived him of a right secured by the United States Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

¶10          States, or their officials acting in their official capabilities, however, are not "persons" within the meaning of § 1983, and therefore, they are not proper parties to a state court action brought under that statute.

4

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Garcia v. State*, 159 Ariz. 487, 488, 768 P.2d 649, 650 (App. 1988) (holding that the State of Arizona was properly dismissed from a suit for the wrongful death of a prisoner under § 1983 because a state is not a person within the meaning of that statute). Because the State is not a "person" within the meaning of § 1983, Maisano's complaint failed to state a claim against it and the trial court did not have subject matter jurisdiction over it. Accordingly, the trial court properly dismissed the State pursuant to Rule 12(b)(1) and (6).

### CONCLUSION

¶11   For the foregoing reasons, we affirm with regards to the State and dismiss the appeal against Dr. Merchant.



Ruth A. Willingham · Clerk of the Court
FILED: ama