NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SCOTTSDALE MOUNTAIN COMMUNITY ASSOCIATION, an Arizona
non-profit corporation, *Plaintiff/Appellee*,

*v.*

FORTIFF, LLC, an Arizona limited liability company, *Defendant/Appellant*.

No. 1 CA-CV 15-0242
FILED 8-16-2016

Appeal from the Superior Court in Maricopa County
No. CV2012-057219
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Rodney A. Knight Attorney at Law, Scottsdale
By Rodney A. Knight
*Counsel for Plaintiff/Appellee*

Rosov Law PLLC, Phoenix
By Elijah W. Rosov
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

J O N E S, Judge:

¶1            Fortiff, L.L.C. challenges the trial court's decision granting summary judgment to Scottsdale Mountain Community Association (SMCA) in a homeowners' association lien foreclosure case. Fortiff also challenges the court's denial of its cross-motion for summary judgment. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            SMCA is the homeowners' association for a planned community in which Fortiff owned property. SMCA sued Fortiff to collect several years of unpaid assessments and foreclose its statutory lien on Fortiff's property pursuant to Arizona Revised Statutes (A.R.S.) section 33-1807.[1] Fortiff initially argued SMCA's lien had been extinguished under A.R.S. § 33-1807(I) because SMCA did not respond to an earlier request for "a statement setting forth any unpaid assessments against the Property." The trial court granted summary judgment against Fortiff on that issue, which Fortiff does not contest in this appeal.

¶3            SMCA then moved for summary judgment on its affirmative claims. SMCA supported its motion with an affidavit and documentation showing Fortiff paid no assessments between July 2009 and July 2014. Fortiff opposed the motion and filed a cross-motion for summary judgment, but did not present evidence to dispute either its failure to pay or the amount due. Fortiff instead argued for the first time that SMCA "ha[d] not shown that the alleged assessments were properly levied by [its] Board of Directors." Fortiff cited the community's declaration of covenants, conditions, and restrictions (the Declaration), which obligated SMCA to: (1) prepare and adopt a budget for each fiscal year which shall serve as the basis for the assessments for the applicable fiscal year; and (2) deliver to

---

[1]      Absent material changes from the relevant date, we cite a statute's current version.

each owner a copy of the budget and a statement for the assessment to be levied against the owner's property within 60 days of adopting the budget. Fortiff presented no evidence to show SMCA did not meet these requirements; it instead argued SMCA was obligated to affirmatively demonstrate compliance but had failed to do so.

**¶4**      SMCA responded to Fortiff's cross-motion with substantial evidence, including affidavits, board meeting minutes, yearly budgets, and correspondence to homeowners, showing it complied with the Declaration in each relevant year. Fortiff did not dispute any of this evidence in its reply; it instead asked the trial court to exclude all of it because it had not been timely disclosed under Arizona Rule of Civil Procedure 26.1(a).

**¶5**      The trial court granted SMCA's motion and denied Fortiff's cross-motion, finding Fortiff had "offered no evidence to demonstrate a question of material fact" as to either the unpaid assessments or SMCA's compliance with the Declaration. The court then awarded SMCA attorneys' fees and costs in a final judgment entered pursuant to Arizona Rule of Civil Procedure 54(c). Fortiff timely appealed.[2] We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.      Fortiff Cannot Challenge the Trial Court's Denial of its Cross-Motion For Summary Judgment.

**¶6**      Fortiff first challenges the trial court's denial of its cross-motion. An order denying summary judgment typically is not appealable even after entry of a final judgment. *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 408 n.50, ¶ 105 (App. 2012) (citing *Hauskins v. McGillicuddy*, 175 Ariz. 42, 49 (App. 1992)). We may, however, review the order if the denial was on purely legal grounds. *Ryan v. S.F. Peaks Trucking Co.*, 228 Ariz. 42, 48, ¶ 20 (App. 2011) (citing *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 539, ¶ 19 (App. 2004)). A purely legal issue is

---

[2]      While this appeal was pending, SMCA obtained a special writ of execution and purchased Fortiff's property at auction, thereby satisfying its lien. This may have rendered the appeal moot, but SMCA did not raise mootness in its answering brief. "Issues not clearly raised and argued in a party's appellate brief are waived." *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) (citing *Carrillo v. State*, 169 Ariz. 126, 132 (App. 1991)). We therefore elect to proceed, in our discretion, upon the bases alleged by Fortiff on appeal.

"one that does not require the determination of any predicate facts, namely, the facts are not merely undisputed but immaterial." *Id.* (internal quotation marks omitted) (quoting *John C. Lincoln*, 208 Ariz. at 539 n.5, ¶ 19).

**¶7**  The trial court did not deny Fortiff's cross-motion on a purely legal issue; it denied the cross-motion because Fortiff presented no evidence to support it. We thus decline to consider Fortiff's challenge of the denial of its cross-motion for summary judgment.

## II. The Trial Court Did Not Err in Granting Summary Judgment in favor of SMCA.

**¶8**  Fortiff also challenges the trial court's ruling granting summary judgment in favor of SMCA. We review *de novo* whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court properly applied the law. *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010) (citing *L. Harvey Concrete, Inc. v. Agro Constr. & Supply Co.*, 189 Ariz. 178, 180 (App. 1997)). We construe all facts in Fortiff's favor. *Melendez v. Hallmark Ins.*, 232 Ariz. 327, 330, ¶ 9 (App. 2013) (citing *Yollin v. City of Glendale*, 219 Ariz. 24, 27, ¶ 6 (App. 2008)).

**¶9**  Fortiff first contends that SMCA offered no admissible evidence to show it complied with the Declaration. However, the record contains undisputed affidavit testimony and documentation showing SMCA took the necessary steps under the Declaration to levy assessments in each relevant year.

**¶10**  Fortiff next contends the trial court should have excluded SMCA's evidence of compliance because SMCA did not disclose it before discovery closed. The court did not expressly address this argument but considered the challenged evidence in granting the motion. We therefore presume the court found no disclosure violation and review its ruling for an abuse of discretion. *See Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013) (citing *Link v. Pima Cnty.*, 193 Ariz. 336, 338, ¶ 3 (App. 1998)).

**¶11**  Each party must timely disclose the factual bases of, and legal theories behind, each claim or defense. *See* Ariz. R. Civ. P. 26.1(a)(1)-(2). The purpose of this requirement is to "give each party adequate notice of what arguments will be made and what evidence will be presented at trial." *Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 440 (App. 1997); *see also Gerow v. Covill*, 192 Ariz. 9, 18, ¶ 42 (App. 1998) ("The rules regarding disclosure are born out of a policy that the facts and issues to be litigated must be fairly exposed.").

¶12 Fortiff raised its Declaration-based defenses for the first time in its response to SMCA's summary judgment motion, which was filed after discovery closed.[3] Once Fortiff raised these defenses, SMCA presented specific evidence refuting them. SMCA had no reason to present this evidence any earlier because Fortiff had not disclosed its intent to challenge SMCA's compliance with the Declaration.

¶13 Simply put, Fortiff cannot raise a new legal issue after discovery closes and then use the disclosure rules as a sword to exclude SMCA's response. *See White ex rel. A.H. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 378, 383 (App.) (finding that disclosure of an affidavit in a response to a dispositive motion was timely because it responded to an issue raised for the first time in the motion), *vacated in part on other grounds*, 190 Ariz. 526 (1997); *see also Bryan v. Riddel*, 178 Ariz. 472, 477 (1994) ("Disclosure, like all discovery, is not a game. . . . Neither the 'new' rules nor the 'old' were intended to be used as swords by overzealous litigators.").

¶14 Furthermore, Fortiff did not dispute any of the evidence SMCA presented either with its motion or in response to Fortiff's cross-motion. Nor has Fortiff shown that the trial court erred in applying the law to the factual record presented in the parties' motions. We therefore affirm the trial court's ruling granting summary judgment in favor of SMCA.[4] Ariz. R. Civ. P. 56(e)(4); *see also Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 11 (App. 2009) ("[U]ncontroverted evidence favorable to the movant, and from

---

[3] Fortiff argues it disclosed its Declaration-based defenses in its answer by denying the assessments "were established and imposed . . . pursuant to the Declaration." Denying an allegation in an answer does not satisfy a party's Rule 26.1(a)(2) disclosure obligation. Indeed, disclosure obligations do not accrue until after the close of the pleadings, Ariz. R. Civ. P. 26.1(b), negating Fortiff's tacit assertion that his answer complied with his disclosure obligations.

[4] We do not reach SMCA's contention that Fortiff waived its Declaration-based defenses by not verifying its answer pursuant to Ariz. R. Civ. P. 11(c). *See Rodriquez v. Williams*, 104 Ariz. 280, 283 (1969) ("We have frequently held that we prefer to determine cases on their merits rather than on points of procedure.") (citing *Colboch v. Aviation Credit Corp.*, 64 Ariz. 88, 94 (1946)).

which only one inference can be drawn, will be presumed to be true.") (quoting *Choisser v. State ex rel. Herman,* 12 Ariz. App. 259, 261 (1970)).

### III. SMCA May Recover Costs and Reasonable Attorneys' Fees on Appeal.

¶15 SMCA requests an award of attorneys' fees on appeal pursuant to the Declaration, A.R.S. § 12-341.01(A), and A.R.S. § 33-1807(H). Section 8.2 of the Declaration authorizes SMCA to recover "such costs and reasonable attorney's fees as may be incurred . . . in seeking to collect . . . Assessments." We generally enforce a contractual provision for attorneys' fees according to its terms. *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 10 (App. 2012); *see also Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 297, ¶ 31 (App. 2011) ("CC&Rs constitute a contract between property owners as a whole and individual lot owners.") (citing *Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 633-34, ¶ 5 (App. 2000)).

¶16 This is a collection action to recover unpaid assessments. Section 8.2 therefore applies. We award SMCA costs and reasonable attorneys' fees incurred on appeal contingent upon its compliance with ARCAP 21.

### CONCLUSION

¶17 We affirm the judgment in favor of SMCA.



Amy M. Wood • Clerk of the court
FILED: AA

6