**NINE POINT MESA OF NASHVILLE, INC., Charles T. Greene, and wife Cheryl Greene**

v.

**NINE POINT MESA OF LEXINGTON, INC., Nine Point Mesa of Hilton Head, S.C., Inc., LPG, Inc., William J. Barr, III and Thomas D. Warren.**

No. 3–90–0020.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 8, 1991.

Gareth S. Aden, Edward T. Brading, Gullett, Sanford, Robinson & Martin, Nashville, Tenn., for plaintiffs.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The Court is in receipt of the Report and Recommendation issued by the Magistrate regarding the defendants' motion to dismiss for lack of venue in the above styled action. No objections have been filed to the Report and Recommendation, but the issue of venue has been briefed extensively by the parties.

### Background

This dispute arose when the plaintiffs, a corporation which operates two Mexican restaurants in Nashville and its shareholders, alleged that the defendants were misappropriating the name "Nine Point Mesa" and using it to describe their own restaurants. In their complaint the plaintiffs allege trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and breach of an agreement executed between Nine Point Mesa of Nashville and Nine Point Mesa of Lexington under Tennessee law.

Jurisdiction over the Lanham Act claim is, of course, based on the federal question statute, 28 U.S.C. § 1331. This Court's jurisdiction over the state claim is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff, Nine Point Mesa of Nashville, is a Tennessee corporation formed in February, 1988 for the purpose of developing and operating the Nine Point Mesa restaurants. Charles T. Greene and his wife Cheryl Greene are the company's shareholders, and residents of Tennessee. The defendants Nine Point Mesa of Lexington, Nine Point Mesa of Hilton Head, S.C., and LPG, Inc. are all Kentucky Corporations with their principal

place of business in Kentucky, with the exception of Nine Point Mesa of Hilton Head, whose principal place of business is in South Carolina. The defendant William T. Barr, III is a resident and citizen of Kentucky, and the defendant Thomas D. Warren is a resident and citizen of Texas.

The defendants filed a motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure, alleging that venue for the Lanham Act claim is improper in the Middle District of Tennessee; the motion stated that either the Lanham Act claim should be dismissed, or the entire action should be filed in another district. The Court referred the case to the Magistrate for consideration of pretrial matters pursuant to 28 U.S.C. § 636. Oral argument was held before the Magistrate on the issue of venue, and the Magistrate then issued the Report and Recommendation which is presently before the Court.

## Conclusions of Law

### 1. Venue for The Plaintiff's Claim Under § 43(a) of the Lanham Act

Section 1391(b) of Title 28, United States Code, provides that where jurisdiction is not based solely on diversity of citizenship, an action may be brought "only in the judicial district where all defendants reside, or where the claim arose." Thus, for venue for the plaintiffs' federal claim to be proper in the Middle District of Tennessee, all defendants must reside in this district or the claim must have arisen here. According to the complaint, the defendants are not all residents of Tennessee, so if venue is proper it must be because the claim arose in the Middle District of Tennessee.

A claim generally arises where the injury occurs. *See generally*, 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3806 (1976). When determining where a trademark infringement

claim arose for purposes of establishing venue, the proper inquiry is where the infringing activity occurred. *See Tefal., S.A. v. Products International Company*, 529 F.2d 495, 496 n. 1 (3rd Cir.1976). The complaint alleges that the defendants are violating the Lanham Act by operating a restaurant in Hilton Head, South Carolina under the name "Nine Point Mesa." Other documents submitted to the Court by the plaintiff allege that the defendants either operate or plan to operate restaurants which use the name illegally in Mississippi, Georgia, Louisiana, and Ohio. There are no allegations, however, that the defendants are using or planning to use the name "Nine Point Mesa" anywhere within the Middle District of Tennessee. Accordingly, it does not appear to the Court that the claim "arose" in this district.[1]

In analyzing whether the plaintiffs' Lanham Act claim arose in this district, the Magistrate relied on *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), the leading Supreme Court case interpreting the venue statute. In *Leroy* the Court reluctantly recognized that a claim may sometimes "arise" in more than one district when it stated:

> In our view, therefore, the broadest interpretation of the language of 1391(b) that is even arguably acceptable is that in the unusual case in which it is not clear that the claim arose in only one specific district, a plaintiff may choose between those two (or conceivably even more) districts that with approximately equal plausibility—in terms of the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but not of the plaintiff)—may be assigned as the locus of the claim.

---

1. The plaintiff has suggested that the defendants bought materials and supplies in the Middle District of Tennessee, and therefore their contacts with this district are sufficient to establish venue. This argument might have merit if the plaintiff were trying to establish that the defendant corporations were doing sufficient business here that they "reside" in the district, but it

is irrelevant in determining where the claim arose. A trademark claim arises where the palming off, or selling of infringing products, occurs; buying supplies and materials does not relate to the defendants' alleged illegal use of the "Nine Point Mesa" trademark to confuse the general public.

*Leroy,* 443 U.S. at 185, 99 S.Ct. at 2717 (citations omitted).

The Magistrate applied *Leroy* in such a way that it allowed venue for this case in the Middle District of Tennessee. The Magistrate determined that this is an 'unusual' case since venue could properly lie in more than one district, and then proceeded to apply the *Leroy* analysis of which forum was most convenient for witnesses, provided the best access to evidence, and was most convenient for the defendant. Application of these factors led the Magistrate to the conclusion that the Middle District of Tennessee was at least as fair a forum as any other, and that therefore venue for this action was proper.[2] Report and Recommendation, at 10–11.

The Court cannot accept this analysis, because it ignores the fact that the defendants have not used the name "Nine Point Mesa" anywhere within this district. The Magistrate apparently interpreted *Leroy* to mean that when venue could reasonably lie in more than one district, the plaintiff may file suit in any district in the United States which meets the tests of convenience outlined in the *Leroy* decision. Such an interpretation abrogates § 1391(b), however, by dropping the requirement that non diversity cases be brought in the district where all defendants reside, or in the district where the claim arose.

This Court believes that the correct interpretation of *Leroy* is that when venue properly exists in more than one district, the plaintiff may choose between those districts *in which venue properly exists.* Under this interpretation, the plaintiffs may not bring suit in this district because no infringement has taken place here. Any reading of *Leroy* that allows venue in the Middle District of Tennessee, no matter how convenient it may be for the defendants and the witnesses, ignores the plain language of § 1391.

The Sixth Circuit Court of Appeals has applied the *Leroy* analysis of venue on only

one occasion, and its discussion in that instance is not very helpful in analyzing the present case. *Onderik v. Morgan,* 897 F.2d 204, 207–08 (1989). The Magistrate supported his analysis by citing two decisions from other circuits which indicate that venue in trademark cases should depend largely on the convenience of the defendants and the witnesses. *J. Walker & Sons v. DeMert & Dougherty, Inc.,* 821 F.2d 399 (7th Cir.1987); *Noxell Corp. v. Firehouse No. 1 Bar–B–Q Rest.,* 760 F.2d 312 (D.C.Cir.1985).

In *Noxell v. Firehouse No. 1 Bar–B–Que Restaurant,* the plaintiff brought a trademark infringement action in federal district court in the District of Columbia, alleging that the defendant was engaged in infringing activity in both California and the District of Columbia. The Court of Appeals for the D.C. Circuit, applying *Leroy,* held that venue was improper in the District of Columbia because the allegedly infringing activity was far more prevalent in California and, more importantly, the defendant and most of the key witnesses were located in California. *Noxell,* 760 F.2d at 316–17.

The *Noxell* Court's decision that venue was proper in California does not support the contention that venue for this case lies in Tennessee, because in *Noxell* the allegedly infringing activity took place in California, while the plaintiffs in our case have not alleged infringement in the Middle District of Tennessee.

The Seventh Circuit's decision in *J. Walker and Sons v. DeMert & Dougherty, Inc.* is more problematic, however. In *J. Walker,* the Court held that the Northern District of Illinois was a proper venue for the plaintiff to bring a trademark infringement claim, in spite of the fact that none of the infringing articles were sold in that district. The Court determined that the defendants resided in the Northern District of Illinois, their business records were located there, most witnesses resided there, and the allegedly infringing labels were placed on the

---

**2.** The Magistrate reasoned that the defendants' failure to object to venue in a separate proceeding in the Tennessee state courts, while not dispositive, was an important factor in determining that venue was proper in this action under *Leroy.* Report and Recommendation, at 10.

products there. 821 F.2d at 406. Under the test set forth in *Leroy,* and the underlying policy of the venue statute (protecting defendants from being sued in an inconvenient forum), the Court found that these facts supported a finding of venue in the Northern District of Illinois.[3] 821 F.2d at 406–07.

 It is not clear whether the *J. Walker* court considered the packaging of infringing articles sufficient to satisfy the "where the claim arose" requirement of § 1391(b), or whether the Court abandoned this requirement, and interpreted *Leroy* to mean that courts may focus exclusively on the convenience of a particular forum when determining if venue is proper. In any event, this Court refuses to follow any interpretation of *Leroy* which is inconsistent with the plain language of § 1391(b); the analysis of a particular forum's convenience should be used to choose the proper venue when a claim could be said to have arisen in more than one district, not to create venue in a district where it is not even alleged that the claim arose.

In a trademark infringement case, therefore, this Court holds that a claim can not "arise" in a district where no infringing activity is alleged. Since the plaintiffs have not alleged that the defendants have operated or intend to operate any restaurants using the "Nine Point Mesa" trademark in the Middle District of Tennessee, the Court finds that venue for the plaintiffs' claim under Section 43(a) of the Lanham Act does not lie in this district.

**2.  Venue for the Plaintiffs' State Law Claim**

 Jurisdiction for the plaintiffs' claim under Tennessee law is based on diversity of citizenship. 28 U.S.C. § 1332. Venue for this claim is proper, therefore, "in the judicial district where all plaintiffs reside or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391. Since the plaintiffs in this action all reside in the Middle District of Tennessee, and the agreement was executed here, this Court is a proper forum for the state law claim to be heard.

 The fact that venue is proper for the state law claim, however, does not rescue the plaintiffs' Lanham Act Claim, because it is an established rule that the plaintiff must normally establish venue as to each claim in his complaint. *Beattie v. United States,* 756 F.2d 91, 100 (D.C.Cir. 1985). The Magistrate considered two exceptions to this rule, the "pendent venue" exception[4] and the "one cause of action" doctrine[5], but determined that they should not be applied in this case. The Court agrees with the Magistrate's analysis of these doctrines, and accordingly venue will not be found to exist for the plaintiffs' Lanham Act claim under either doctrine.

*Conclusion*

Having found that venue is improper in this district, the Court is empowered by 28 U.S.C. § 1406(a) to transfer this action to any other district where it might have been brought. Because there are several options available to the plaintiffs, however, the Court declines to select a new forum on the plaintiffs' behalf. This action will be dismissed without prejudice to the merits of the claims, and the plaintiffs may then drop the Lanham Act claim and file only the diversity claim in this district, or file both claims in a district where venue is proper.

---

3.  The Court relied on *Noxell,* decided two years earlier, when reaching its decision. This reliance appears misplaced, however, because in *Noxell* there had been infringing sales in the district where the Court found venue, but in the *J. Walker* case there were no such sales.

4.  Under the "pendent venue" doctrine, if venue of the original federal claim is established, then proof of venue for any subsequent pendent jurisdiction claims, crossclaims, counterclaims, or interpleader claims is unnecessary. *Bredberg v. Long,* 778 F.2d 1285, 1288 (8th Cir.1985).

5.  This doctrine states that where there are several claims in a single action, if those separate claims amount to "only one cause of action with two grounds for relief, proper venue as to one federal ground will support adjudication of both grounds." *Beattie v. United States,* 756 F.2d at 100.