# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-30162
Summary Calendar

CYNTHIA MCCLINTOCK,

Plaintiff–Appellant,

v.

SCHOOL BOARD EAST FELICIANA PARISH,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-2258

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cynthia McClintock appeals the district court's dismissal of her suit with prejudice due to improper venue. Because we conclude that the district court did not err in ruling that venue was improper and that McClintock's claims are time-barred, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Cynthia McClintock was employed as a teacher with the East Feliciana Parish School Board (Board) pursuant to a semester contract starting in August 2005. On December 16, 2005, a number of McClintock's students were called to the principal's office. As McClintock was herself walking towards the office to inquire about her students' whereabouts, she was forcibly detained by a female resource officer. McClintock was subsequently arrested for interfering with a police investigation and charged with resisting arrest. The charges were ultimately dropped, but McClintock's contract with the Board was not renewed.

The incident was published in the newspaper, and McClintock has since been approached in public by two individuals regarding the incident—a fellow church member at a Dillard's in Baton Rouge and a student at her new place of employment who asked if she had "beat up a janitor in Jackson." McClintock claims that she has suffered embarrassment as a result, as well as continued anxiety regarding the presence of resource officers at her new school.

McClintock filed suit pro se against the Board on November 28, 2006, asserting causes of action under 42 U.S.C. § 1983 and state tort law. She mailed her complaint and a Waiver of Summons to the Board, which were received on January 3, 2007. The Board took no action at that time. In April 2007, McClintock hired an attorney, who then sought to serve process on the Board. Proper service was achieved on May 3, 2007.

On May 16, 2007, the Board filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Rule 12(b)(5) for insufficient service of process. The district court agreed with the Board and further concluded that, as a result of these deficiencies, the running of the relevant prescriptive period was not tolled under Louisiana law, causing

McClintock's claim against the Board to be time-barred. Accordingly, because the procedural defects could not be cured, the district court dismissed the suit with prejudice.

II

We review a district court's dismissal of a complaint for either improper venue under Rule 12(b)(3) or insufficiency of service of process under Rule 12(b)(5) for abuse of discretion.[1]

In an action not based on diversity, proper venue lies in either "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."[2] McClintock filed her suit in the Western District of Louisiana. The Board is a resident of the Middle District of Louisiana, which is also the location of the school in which the event underlying this suit took place. Thus, § 1391(b)(1) and (3) are inapplicable and venue is proper only if "a substantial part of the events or omissions giving rise to the claim" occurred in the Western District.

Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be

---

[1] Lowery v. Estelle, 533 F.2d 265, 267 (5th Cir. 1976) (reviewing a dismissal for improper venue for abuse of discretion); Lindsey v. U.S.R.R. Ret. Bd., 101 F.3d 444, 445 (5th Cir. 1996) (stating that dismissals for ineffective service of process are reviewed for abuse of discretion) (internal citation omitted).

[2] 28 U.S.C. § 1391(b).

substantial.[3] We agree with the district court that the Western District of Louisiana does not satisfy this standard. The events giving rise to this complaint, namely McClintock's detention and arrest, occurred solely in the Middle District, and thus, no events, let alone a "substantial part of the events" occurred in the Western District.

McClintock, however, insists that venue is proper because (1) she was asked by a student at her current school in the Western District about the altercation and (2) she continues to experience apprehension regarding the presence of resource officers at her new school. We disagree with the contention that these events are sufficient to establish venue. Venue cannot be based solely on the presence of a third party who is aware of the events underlying a plaintiff's claim, particularly when the information was, as here, reported in a newspaper. Venue also cannot lie simply because a plaintiff continues to experience the psychological effects of an injury in a particular place. Thus, the district court was correct to conclude that venue is improper.

## III

If a district court where suit is filed determines that venue is improper, it has discretion to either dismiss the suit, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[4] Generally, when dismissing for improper venue, a district court does so without prejudice to filing of the suit in an appropriate district.[5] In the

---

[3] David D. Siegel, Commentary on 1988 and 1990 Revisions of Section 1391, in 28 U.S.C.A. § 1391 (2006).

[4] 28 U.S.C. § 1406(a).

[5] See Lowery, 533 F.2d at 267 (dismissing solely on the grounds of improper venue, and noting that in such a case, dismissal is "of course without prejudice to the filing by [the

instant case, however, the district court dismissed McClintock's complaint with prejudice, because it concluded that in addition to venue being improper, McClintock's claims would almost certainly be barred due to the expiration of the relevant prescriptive period.

McClintock alleges causes of action under 42 U.S.C. § 1983 and state tort law. With regard to § 1983 claims, federal courts borrow the limitations period from state "tort action[s] for the recovery of damages for personal injuries."[6] In Louisiana, the prescriptive period for tort actions is one year.[7] Thus, McClintock had one year from the date of the events in question to file this lawsuit. Specifically, the suit had to be filed by December 16, 2006.

McClintock initiated her action in the Western District of Louisiana on November 28, 2006. However, Louisiana Civil Code article 3462 provides:

> Prescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served with process within the prescriptive period.[8]

We have expressly held that this provision governs the determination of whether the prescriptive period has expired for suits filed in federal court based

---

plaintiff] of his action in an appropriate district").

[6] Wilson v. Garcia, 471 U.S. 261, 276 (1985), superseded by statute on other grounds, Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5114, as recognized in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 378-84 (2004); see also Caine v. Hardy, 943 F.2d 1406, 1411 (5th Cir. 1991).

[7] LA. CIV. CODE art. 3492 (Westlaw 2008).

[8] LA. CIV. CODE art. 3462 (Westlaw 2008).

on diversity, as well as those based on § 1983 claims.[9]  Under article 3492, since McClintock initiated her suit in an improper venue, her claims are time-barred unless she served process on the defendants before December 16, 2006.  It is undisputed that McClintock did not achieve proper service of process on the Board until May 3, 2007.  Thus, the prescription period has expired and McClintock's claims are time-barred.  Because re-filing in a court with proper venue would be futile, the district court did not abuse its discretion in dismissing the suit with prejudice.[10]

## IV

Since we conclude that the prescription period has expired, we need not address whether McClintock's service of process was sufficient under Rule 4(m) of the Federal Rules of Civil Procedure.

*     *     *

For the reasons discussed above, the judgment of the district court is AFFIRMED.

---

[9] Calhoun v. Ford, 625 F.2d 576, 577 (5th Cir. 1980) (holding that prescription periods in diversity suits are governed by Louisiana law, under which the running of the period is not tolled by filing suit in an improper venue until the defendant is actually served with process); Checki v. Webb, 785 F.2d 534, 536-37 (5th Cir. 1986) (holding that article 3462, rather than Federal Rule of Civil Procedure 3, governs the prescription period running on a § 1983 claim, and that thus, the period is not tolled by filing in an improper venue until process is served).

[10] See Crase v. Astroworld, Inc., 941 F.2d 265, 267 (5th Cir. 1991) (finding that the district court did not abuse its discretion in dismissing—rather than transferring—the plaintiff's lawsuit for improper venue since the claims were time-barred).