**REVISED February 13, 2020**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50477
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

T. ANTHONY GUAJARDO,

   Plaintiff–Appellant,

v.

STATE BAR OF TEXAS; STATE OF ARIZONA; ARIZONA SUPREME COURT; ROBERT BRUTINEL, Chief Justice, In his Official Capacity; STATE BAR OF ARIZONA,

   Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-1320

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.

PER CURIAM:*

  T. Anthony Guajardo sued the State of Arizona, the Arizona Supreme Court, the State Bar of Arizona, the Chief Justice of the Arizona Supreme

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50477

Court in his official capacity, and the State Bar of Texas, seeking to overturn his disbarment in both Arizona and Texas as well as challenging Arizona rules governing the practice of law. The district court dismissed his lawsuit. We affirm.

## I

Guajardo was an attorney in Arizona and Texas. When Guajardo filed a complaint against an Arizona state judge for judicial misconduct, the judge allegedly retaliated and filed his own complaint against Guajardo with the Arizona bar. This complaint against Guajardo led to sixteen different disciplinary proceedings before an Arizona presiding disciplinary judge (PDJ). Guajardo consented to disbarment, asserting that he feared the consecutive proceedings would induce enough stress to "cause a heart attack [or] stroke." Guajardo's disbarment in Arizona led to his disbarment in Texas. Guajardo subsequently filed suit in the United States District Court for the Western District of Texas, seeking money damages, injunctive and declaratory relief, and an order invalidating and vacating these disbarments. The district court dismissed his claims for lack of jurisdiction. This appeal followed.

Guajardo alleges a series of claims against the defendants. Specifically, he contends:

1. The defendants denied him due process and equal protection in violation of 42 U.S.C. § 1983, including, among other allegations, that the Arizona bar PDJ was unconstitutionally appointed and had conflicts of interest.

2. The defendants intentionally discriminated against Guajardo on the basis of his age and national origin in the state proceedings.

3. Because the PDJ was allegedly unconstitutionally appointed, the Arizona defendants committed mail fraud when they mailed out his judgments as those of a court.

4. The Chief Justice of the Arizona Supreme Court failed to supervise the PDJ in the state proceedings against Guajardo and discover that he was allegedly a "fake judge."

No. 19-50477

5. The Arizona defendants violated Guajardo's federal and state constitutional rights by retaliatorily charging him with misconduct when he filed a complaint of judicial misconduct.

6. The Arizona defendants denied him equal access under Title II of the ADA because the planned scheduling of the state bar disciplinary proceedings could have caused Guajardo enough stress to induce a heart attack or stroke.

7. The state bar disciplinary proceedings conducted by the defendants constituted illegal takings of his law licenses.

8. The state bar disciplinary proceedings conducted by the defendants levied an excessive fine contrary to the Eighth Amendment.

9. By requiring Guajardo to be a member of the bar to practice law, the Arizona defendants are denying him rights under the First Amendment and the Arizona Constitution.

Guajardo also asserts that the district court erred in denying him discovery relevant to its subject matter jurisdiction. In reviewing the district court's dismissal of Guajardo's claims, "[we] may affirm the district court on any grounds supported by the record and argued in the court below."[1]

## II

The district court was powerless to grant Guajardo any relief on the first eight claims because of the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."[2] The *Rooker-Feldman* doctrine recognizes that federal district

---

[1] *Maria S. ex rel. E.H.F. v. Garza*, 912 F.3d 778, 783 (5th Cir. 2019) (citing *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. Alliance, Inc.*, 123 F.3d 301, 307 (5th Cir. 1997)).

[2] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

courts do not sit as appellate courts to review state court judgments.[3] Therefore, "[a]bsent specific law otherwise providing, that doctrine directs that federal district courts lack [subject matter] jurisdiction to entertain collateral attacks on state court judgments."[4]  This fact remains true "even if those challenges allege that the state court's action was unconstitutional."[5]  The doctrine also deprives federal district courts of subject matter jurisdiction when "allegations are inextricably intertwined" with the decision of the state courts.[6]  The *Rooker-Feldman* doctrine specifically applies to state bar disciplinary proceedings.[7]  We have noted that "[i]f a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[8]

Here, most of Guajardo's claims are barred by the *Rooker-Feldman* doctrine.  Guajardo's first eight claims are all "inextricably intertwined" with the decisions of the state proceedings.[9]  In each instance, Guajardo "seeks relief that directly attacks the validity of an existing state court judgment."[10]  The district court correctly dismissed each of these claims.  Guajardo should have sought review of the state bar disciplinary proceedings through the state courts and, if necessary, presented his claims to the Supreme Court of the United States.[11]

---

[3] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

[4] *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

[5] *Feldman*, 460 U.S. at 486.

[6] *Id.*

[7] *Id.* at 482 n.15; *Liedtke*, 18 F.3d at 317-18.

[8] *Liedtke*, 18 F.3d at 317.

[9] *Feldman*, 460 U.S. at 486.

[10] *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011).

[11] *See Liedtke*, 18 F.3d at 317.

No. 19-50477

Nevertheless, Guajardo contends that the *Rooker-Feldman* doctrine is inapplicable for two reasons. First, Guajardo contends that the state proceedings themselves were fraudulent since the defendants engaged in a criminal conspiracy to retaliate against him for reporting judicial misconduct. But there is no "fraud exception" to the *Rooker-Feldman* doctrine.[12]

Second, Guajardo contends that "federal courts have jurisdiction to hear a collateral attack on a state-court judgment if the trial courts of that state would have jurisdiction to hear the collateral attack." He contends that his case is just such an instance. But he is mistaken. In Arizona, "a judgment [of the state courts] may not be collaterally attacked unless the absence of jurisdiction appears from the record."[13] Here, nothing in the record shows that the Arizona court lacked jurisdiction. Although Guajardo argues the PDJ lacked jurisdiction because the Arizona bar failed to prove all the elements of a bar rule he was charged with violating, Guajardo's allegation speaks only to the merits of the charge, not the jurisdiction of the PDJ. Thus, because the *Rooker-Feldman* doctrine applies to these claims, the district court correctly dismissed his first eight claims for lack of subject matter jurisdiction.

## III

Next, we consider Guajardo's claim that Arizona's rule "requiring a person practicing law in Arizona [to] be an 'active member of the state bar' is unconstitutional" because it violates both the First Amendment and the Arizona Constitution.

## A

Generally, a state itself has immunity from private suit—including for money damages, injunctive relief, and declaratory relief—unless Congress has

---

[12] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 384 n.6 (5th Cir. 2013).

[13] *Ariz. Pub. Serv. Co. v. S. Union Gas Co.*, 265 P.2d 435, 438 (Ariz. 1954).

validly abrogated that immunity or the state has consented to suit.[14] Additionally, "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the [s]tate that is protected by the Eleventh Amendment."[15] However, when acting in an enforcement capacity, neither a state supreme court nor a state bar association have Eleventh Amendment immunity from injunctive or declaratory relief for violating federal law.[16] State officials in their official capacity also do not possess Eleventh Amendment immunity against prospective injunctive relief to prevent them from violating federal law.[17]

Here, the Eleventh Amendment bars the district court from giving monetary, declaratory, or injunctive relief against the State of Arizona.[18] The Eleventh Amendment also bars the district court from deciding whether the Arizona Supreme Court, the State Bar of Arizona, or the Chief Justice of the Arizona Supreme Court violated the Arizona Constitution in carrying out Arizona's law.[19] Guajardo's use of 42 U.S.C. § 1983 does not disturb these

---

[14] *See Alden v. Maine*, 527 U.S. 706, 729-31 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-58 (1996).

[15] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

[16] *See LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005) ("When acting in its enforcement capacity, [a state supreme court], and its members, are not immune from suits for declaratory or injunctive relief." (citing *Supreme Court of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 736 (1980))); *Lewis v. La. State Bar Ass'n*, 792 F.2d 493, 497-98 (5th Cir. 1986) (concluding that the Eleventh Amendment immunity a state bar association enjoys is derived from being its state supreme court's agent).

[17] *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) ("[T]he Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law."); *Ex parte Young*, 209 U.S. 123, 159-160 (1908); *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

[18] *See Alden*, 527 U.S. at 729-31; *Seminole Tribe*, 517 U.S. at 55-58.

[19] *Pennhurst*, 465 U.S. at 121 ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.").

conclusions.[20] However, the Arizona Supreme Court, the State Bar of Arizona, and the Chief Justice of the Arizona Supreme Court, acting in his official capacity, do not possess Eleventh Amendment immunity against this First Amendment claim because Guajardo is seeking a prospective injunction against their enforcement of an allegedly unconstitutional rule.[21]

Guajardo also contends that Arizona has waived its immunity and consented to suit based on *Garcia v. Arizona*.[22] But in *Garcia*, the court merely held that Arizona had consented to suit in state court, not in federal court.[23] The Ninth Circuit has recognized this same conclusion, and has continued to bar suits against Arizona in federal court because of Eleventh Amendment immunity.[24] Therefore, the district court rightly concluded that it lacked subject matter jurisdiction, dismissing the entire claim against the State of Arizona as well as the claims based on state law against the other Arizona defendants.

**B**

Because venue in the district court was improper for the Arizona Supreme Court, the State Bar of Arizona, and the Chief Justice of the Arizona Supreme Court, the district court was allowed to dismiss this First Amendment claim against them. Venue must be proper for each claim that a plaintiff brings against a defendant.[25] When venue is improper, the district

---

[20] *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65-68 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . . ."); *Quern v. Jordan*, 440 U.S. 332, 343-44 (1979).

[21] *See Frew*, 540 U.S. at 437; *LeClerc*, 419 F.3d at 414.

[22] 768 P.2d 649 (Ariz. Ct. App. 1988).

[23] *See Garcia*, 768 P.2d at 653.

[24] *Ronwin v. Shapiro*, 657 F.2d 1071, 1074 (9th Cir. 1981) ("[T]here is no indication . . . that Arizona intended to consent to anything more than suit in its own courts."); *see also Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864-65 (9th Cir. 2016) (recognizing that *Ronwin*'s conclusion is still good law).

[25] *See In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014); *Bredberg v. Long*, 778 F.2d 1285, 1288 (8th Cir. 1985); *Worley v. Desoto County, MS*, No. 2:05CV214-D-D, 2006

court "has discretion to either dismiss the suit, or 'if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'"[26]

Generally, venue is proper only in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," but only if "there is no district in which an action may otherwise be brought as provided in [28 U.S.C. § 1391]."[27] Here, for this claim, the first possibility makes venue proper in the United States District Court for the District of Arizona but not in the United States District Court for the Western District of Texas. The second possibility is inapplicable for concluding that venue is proper in Texas because the rules being challenged are Arizona rules and, conceivably, their effect would be substantially felt only in Arizona. The third possibility is also inapplicable for concluding that venue is proper in Texas since venue would be proper in the United States District Court for the District of Arizona. Therefore, the district court was within its discretion when it dismissed this First Amendment claim against the Arizona Supreme Court, the State Bar of Arizona, and the Chief Justice of the Arizona Supreme Court.

---

WL 2590616, at *1 (N.D. Miss. Sept. 8, 2006) ("[V]enue must be proper as to each such claim."); 14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER FEDERAL PRACTICE AND PROCEDURE § 3808 (4th ed. 2019) ("[I]f the plaintiff asserts multiple claims against the defendant, venue must be proper for each claim.").

[26] *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008) (quoting 28 U.S.C. § 1406(a)).

[27] 28 U.S.C. § 1391(b).

No. 19-50477

## C

Insofar as Guajardo seeks to enjoin the State Bar of Texas from enforcing Texas rules requiring bar membership to practice law, he does so for the first time in his reply brief and thus forfeits his claim.[28]

## IV

Lastly, we consider Guajardo's contention that the district court erred when it denied him discovery relevant to its subject matter jurisdiction. Generally, "a party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand" a motion to dismiss.[29]  Here, as outlined above, the district court was able to dismiss all of Guajardo's relevant claims.  No amount of discovery would change that result.[30]  Therefore, the district court did not err in denying Guajardo discovery relevant to subject matter jurisdiction.

\*       \*       \*

For the forgoing reasons, the district court's judgment is AFFIRMED. Accordingly, all pending motions are DENIED as moot.

---

[28] *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018) ("[H]e has forfeited that argument by raising it for the first time in his reply brief" (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993))).

[29] *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) (citing *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir.1987)).

[30] *See Freeman*, 556 F.3d at 342.