IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 9, 2026 Session

## JASMINE, LLC v. JASMINE ASIAN CUISINE, INC.

**Appeal from the Chancery Court for Williamson County**
**No. 24CV-53669N  Vanessa A. Jackson, Senior Judge**

_____

### No. M2025-01201-COA-R3-CV

_____

A restaurant based in Williamson County sued a restaurant based in Rutherford County in Williamson County Chancery Court over the use of the name *Jasmine*. The defendant moved to dismiss for lack of venue, and the plaintiff amended the complaint, including allegations that the defendant provided services in Williamson County, advertised in Williamson County, and caused customer confusion and economic harm in Williamson County. The chancery court granted the motion to dismiss, concluding the fact that the plaintiff alleged economic harm in Williamson County was not sufficient to establish venue. We reverse the dismissal and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed;**
**Case Remanded**

JEFFREY USMAN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and W. NEAL MCBRAYER, J., joined.

Ben M. Rose, Brentwood, Tennessee, for the appellant, Jasmine, LLC.

W. Kennerly (Ken) Burger, Murfreesboro, Tennessee, for the appellee, Jasmine Asian Cuisine, Inc.

### OPINION

#### I.

This litigation is a fight between two Tennessee restaurants over the use of the name *Jasmine*. Jasmine, LLC ("Jasmine") operates a restaurant in Williamson County under the name *Jasmine*. Jasmine Asian Cuisine, Inc. ("JAC") operates a restaurant in Rutherford

County.  JAC previously operated under the name *Fulin's* but changed instead to use the name *Jasmine Asian Cuisine*.  Jasmine sued JAC in Williamson County Chancery Court, asserting infringement on its trade name and seeking an injunction and damages.

The complaint alleged that Jasmine was "widely regarded as 'the source' for Asian food in the Middle Tennessee-area and Rutherford County."  It further alleged that, after the name change, "Jasmine has received numerous phone calls and contacts from consumers intended for [JAC] or confused by [JAC's] acts of trade name infringement.  A number of the callers have assumed incorrectly that Jasmine is opening or has opened a new location in Murfreesboro."  Jasmine also noted that the web addresses of the two restaurants were similar in that they consisted of the word "jasmine" followed by the city name, and it observed that, after Jasmine sent a cease-and-desist letter, JAC had included a disclaimer regarding affiliation on its own website, though did not include the disclaimer on third-party delivery sites.

JAC moved to dismiss for improper venue.  JAC noted that the complaint alleged that Jasmine was located in Williamson County and that JAC was located in Rutherford County.  According to JAC's motion, "At no point in the Complaint is there any factual allegation that the restaurant marketing areas overlap in any manner, or that a Murfreesboro restaurant somehow competes for business with a Brentwood restaurant."  JAC added that the relevant statute required the action to be brought "in the county where the cause of action arose or in the county where the individual defendant resides," and it argued that the claim arose where the allegedly infringing activity took place.  *See* Tenn. Code Ann. § 20-4-101(a).  JAC also asserted the complaint should be dismissed for failure to state a claim because the name *Jasmine* is generic and because the restaurants are located approximately 35 to 40 miles apart.  JAC advocated for the conclusion that lack of sufficient allegations of harm deprived Jasmine of standing and the chancery court of subject matter jurisdiction.  JAC moved to stay discovery deadlines while the motion to dismiss was pending.

Faced with the motion to dismiss, Jasmine amended its complaint to allege that JAC "provides restaurant services to . . . individuals in Williamson County, Tennessee," and that "[JAC's] customers located outside Murfreesboro, Rutherford County, Tennessee, purchase its restaurant services, to include its customers located in Williamson County, Tennessee."  It further alleged that JAC "advertises or markets to potential customers" in Williamson County "through online food delivery companies" such as Uber Eats.  Jasmine alleged that JAC "uses or promotes the trade name 'Jasmine' through online food delivery companies . . . to include customers in Williamson County, Tennessee."  Jasmine altered the allegation about phone calls from confused customers to state that it "received numerous phone calls and contacts from consumers in Williamson County, Tennessee, and elsewhere intended for [JAC] or confused by [JAC's] acts of trade name infringement."  Jasmine alleged callers had assumed "incorrectly that Jasmine is opening or has opened a new location in Murfreesboro."  Jasmine asserted it had "suffered economic harm in Williamson County, Tennessee, as a direct and proximate result of [JAC's]

actions/inactions. Moreover, Jasmine's primary (and only) office is located in Brentwood, Williamson County, Tennessee." In the Amended Complaint, Jasmine set forth counts alleging unfair competition under Tennessee common law and the Tennessee Trademark Act and unfair competition and false designation of origin and service name dilution under the Lanham Act. *See* 15 U.S.C.A. § 1051 et seq.; Tenn. Code Ann. § 47-25-501 et seq. The Amended Complaint included legal argument and caselaw citations responding to the challenge to venue. Jasmine also filed a response to the motion to dismiss, arguing that the motion to dismiss had been mooted by the Amended Complaint and that the motion regarding discovery deadlines was also moot, in that the discovery deadlines had expired. Accordingly, Jasmine addressed the venue argument in the Amended Complaint but not in the response to the motion to dismiss.

The chancery court granted the motion to dismiss for improper venue. The court noted that Jasmine had properly filed the Amended Complaint prior to a responsive pleading, and it accordingly stated it would consider the allegations in the Amended Complaint in determining whether to dismiss for lack of venue. The court observed that under the Lanham Act, venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." *See* 28 U.S.C.A. § 1391. The court concluded the fact that the economic injury occurred in Williamson County was one factor in determining venue but that fact could not alone create venue. While the court recited Jasmine's allegations that JAC had advertised, marketed, and provided services to customers in Williamson County, it concluded that the infringing activity occurred in Rutherford County. Accordingly, it dismissed the case for improper venue.

Jasmine filed a motion to alter or amend, asserting that the motion to dismiss had been mooted by the Amended Complaint and that it had not had the opportunity to file a "substantive response" to the motion to dismiss. Jasmine also argued that the court failed to take the allegations in the Amended Complaint as true and that the infringing activity took place in Williamson County. It asserted in the alternative that it was entitled to discovery regarding venue. JAC opposed, and the trial court denied the motion to alter or amend without analysis. Jasmine appeals.

II.

Initially, we note that Jasmine suggested in a footnote that this Court may not have subject matter jurisdiction under Tennessee Rule of Appellate Procedure 3 because there was not a ruling specifically addressing the motion to stay discovery when the trial court dismissed the entire action. After JAC responded that this court does have jurisdiction, Jasmine, in its reply brief, appeared to disclaim any attack on jurisdiction.[1] Because of the

---

[1] A footnote in Jasmine's principal brief states, "Accordingly, this Court may not have jurisdiction to consider this appeal, since one of the Appellee's motions has yet to be ruled upon"; the footnote then

foundational and unwaivable nature of subject matter jurisdiction, we briefly address the footnote in Jasmine's principal brief calling this court's subject matter jurisdiction into question. *See Recipient of Final Expunction Ord. in McNairy Cnty. Cir. Ct. Case No. 3279 v. Rausch*, 645 S.W.3d 160, 167 (Tenn. 2022) (indicating that "subject matter jurisdiction cannot be conferred by consent or waiver").

Under Tennessee Rule of Appellate Procedure 3(a), an appeal as of right lies from final judgments. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). "Lack of appellate jurisdiction cannot be waived," and "'[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.'" *Ingram v. Wasson,* 379 S.W.3d 227, 237-38 (Tenn. Ct. App. 2011) (quoting *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)). "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson,* 121 S.W.3d at 645 (quoting *State ex rel. McAllister v. Goode,* 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Accordingly, in general, "[a]n order that fails to adjudicate all of the parties' claims is . . . not subject to appeal." *Ball v. McDowell,* 288 S.W.3d 833, 836 (Tenn. 2009).

In this case, the court dismissed the entire action but did not specifically act on a motion to stay discovery. Jasmine suggests this failure may defeat jurisdiction. This court has previously rejected the argument that a judgment of dismissal is not a final judgment for failure to specifically address issues subsumed within the broader issue. *See Murrell v. Bd. of Admin. City of Memphis Pension & Ret. Sys.*, No. W2020-00187-COA-R3-CV, 2021 WL 1233500, at *2 (Tenn. Ct. App. Mar. 31, 2021). In *Murrell*, one party suggested the dismissal of a petition for writ of certiorari, based on the party's failure to seek judicial review under the Uniform Administrative Procedures Act, was not final for failure to "address the merits of the claims or specifically deny the requested relief." *Id.* This court observed that "[t]he grant of a motion to dismiss is a final judgment." *Id.* Because "[t]he judgment dismissed the petition in its entirety," there was nothing left for the court to do, and the judgment was accordingly final. *Id.*; *see also Hastings v. Hastings*, No. W2020-01665-COA-R3-JV, 2023 WL 7403577, at *7-8 (Tenn. Ct. App. Nov. 9, 2023) (rejecting the contention that an order of dismissal was not final because it failed to reference or rule on outstanding objections or a stay for relief, concluding instead that it resolved all issues). The finality of dismissal was further reinforced by Jasmine raising this issue in a motion to alter or amend, which was denied by the chancery court.

In the case before us, while the court did not specifically rule on the request to stay

---

goes on to state that, because the issue was raised in the motion to alter or amend, which was denied, "this appeal *may be* ripe for consideration." (Emphasis added.) JAC argued that the order was final. Jasmine's reply brief appears to repudiate the suggestion in Jasmine's principal brief that there is no jurisdiction, faulting JAC for taking the footnote "literally." This Court, like JAC, interprets the principal brief to raise a question regarding jurisdiction.

- 4 -

discovery, it dismissed the entire action. Without the pending action, there was no further right to discovery or need for a stay. *See Cheetah Lounge, Inc. v. Sarasota Cnty.*, 387 S.W.3d 10, 14-15 (Tenn. Ct. App. 2012) (concluding that a discovery dispute over a subpoena issued in Tennessee in relation to litigation in Florida was rendered moot when summary judgment was granted against the party seeking the discovery in Florida, since the party no longer had a right to discovery after the adverse summary judgment ruling). There were no further issues, such as attorney's fees, pending. Accordingly, the judgment of dismissal resolved all outstanding issues and left nothing for the court to do. We conclude that the dismissal was a final judgment under Rule 3.

III.

Jasmine asserts that it adequately pled venue through the allegations in the Amended Complaint and that the trial court erred in focusing solely on its allegation that Jasmine suffered economic harm in Williamson County. We conclude that the allegations that JAC provided services in Williamson County, that JAC advertised in Williamson County, that JAC marketed in Williamson County, that Williamson County consumers purchased JAC's services, that Williamson County consumers demonstrated confusion regarding the entities, and that Jasmine suffered economic harm in Williamson County are sufficient to plead venue in Williamson County.

A motion to dismiss for improper venue under Tennessee Rule of Civil Procedure 12.02(3) presents a question of law, which we review de novo. *Lanius v. Nashville Elec. Serv.*, 181 S.W.3d 661, 663 (Tenn. 2005); *Lakeway Real Estate2, LLC v. ERA Franchise Sys., LLC*, No. E2023-00764-COA-R3-CV, 2024 WL 4564153, at *2 (Tenn. Ct. App. Oct. 24, 2024), *no perm. app. filed*. We give no deference to the trial court's conclusions regarding questions of law. *Lanius*, 181 S.W.3d at 663.

This court has previously, in resolving questions of venue, applied the procedures invoked in cases testing personal jurisdiction. *Cohn Law Firm v. YP Se. Advert. & Publ'g, LLC,* No. W2014-01871-COA-R3-CV, 2015 WL 3883242, at *3 (Tenn. Ct. App. June 24, 2015) (citing 32A Am. Jur. 2d *Federal Courts* § 1202 parenthetically for the proposition that "[t]he procedural analysis and standards applied in deciding a motion to dismiss for improper venue are generally the same as in deciding a motion to dismiss for lack of personal jurisdiction"); *Hohman v. Town,* No. M2008-00585-COA-R10-CV, 2008 WL 1891437, at *3 (Tenn. Ct. App. Apr. 29, 2008) (concluding that "the 'middle ground solution' announced in *Chenault* [*v. Walker,* 36 S.W.3d 45, 56 (Tenn. 2001) regarding personal jurisdiction] is also appropriate in considering a motion to dismiss for improper venue pursuant to Tenn. R. Civ. P. 12.02(3)"); *see J. Alexander's Holdings, LLC v. Republic Servs., Inc.*, No. M2016-01526-COA-R3-CV, 2017 WL 1969763, at *2, 5 (Tenn. Ct. App. May 12, 2017).

Accordingly, in reviewing a ruling upon a motion to dismiss for lack of venue, "we

- 5 -

take all allegations of fact in the complaint as true and review the trial court's legal conclusions de novo with no presumption of correctness." *Lakeway*, 2024 WL 4564153, at \*2 (quoting *Kopecky v. Holiday Inn Club Vacations, Inc.*, No. E2022-01137-COA-R3-CV, 2023 WL 4583622, at \*4 (Tenn. Ct. App. July 18, 2023)); *see Cohn*, 2015 WL 3883242, at \*4. However, "[i]n considering such motions, a trial court is not limited to the pleadings, but may consider affidavits and other evidence filed in support of or in opposition to the motion." *J. Alexander's*, 2017 WL 1969763, at \*2.

In *Gordon v. Greenview Hospital, Inc.*, the Tennessee Supreme Court, addressing personal jurisdiction, noted that "[i]f a defendant raises the defense by motion, the defendant may, but is not required to, support the motion with affidavits or other evidentiary materials." 300 S.W.3d 635, 644 (Tenn. 2009). If such materials are submitted, the plaintiff should present its own evidence. *Id.* In resolving the motion, "[t]he allegations of the nonmoving party's affidavits are taken as true and all factual disputes are resolved in its favor." *J. Alexander's*, 2017 WL 1969763, at \*2; *see Gordon*, 300 S.W.3d at 644 (noting that, in a motion to dismiss for personal jurisdiction, "[a] trial court must take as true all the allegations in the plaintiff's complaint and supporting papers, if any, and must resolve all factual disputes in the plaintiff's favor"). While taking the allegations of the complaint as true, the court nevertheless "should not credit conclusory allegations or draw farfetched inferences." *Chenault,* 36 S.W.3d at 56.

In addressing a motion to dismiss for lack of personal jurisdiction, the Tennessee Supreme Court has noted that, in complex cases, the court may permit limited discovery, hold an evidentiary hearing, or reserve judgment on the jurisdictional issue for trial. *Gordon,* 300 S.W.3d at 644. This is consistent with the way federal courts have approached motions to dismiss for lack of venue. *See* 14D Fed. Prac. & Proc. Juris. § 3826 (4th ed.) (the allegations of the complaint regarding venue should be taken as true unless contradicted by evidence, reasonable inferences should be drawn in favor of the plaintiff, and the court may hold a hearing on disputed facts); 5B Fed. Prac. & Proc. Civ. § 1352 (4th ed.) (stating that the court should take the allegations of the complaint regarding venue as true unless contradicted by the defendant's affidavit, draw reasonable inferences and resolve conflicts in the plaintiff's favor, and may hold the motion in abeyance if further proof on venue is necessary).

A motion to dismiss for improper venue is not converted into a Tennessee Rule of Civil Procedure 56 motion for summary judgment by submitting matters outside the pleadings. *Kopecky*, 2023 WL 4583622, at \*4 n.4; *see Gordon*, 300 S.W.3d at 643 (12.02(2) motions related to personal jurisdiction are not converted to motions for summary judgment with the submission of matters outside the pleadings). Ultimately, the plaintiff bears the burden of showing that venue is proper. *J. Alexander's*, 2017 WL 1969763, at \*2-3.

The parties in the present case dispute whether the cause of action can be said to

have arisen in Williamson County.  The Amended Complaint alleged unfair competition under the common law[2] and under the Tennessee Trademark Act of 2000, as well as violations of the Lanham Act.[3]  *See* 15 U.S.C.A. § 1125; Tenn. Code Ann. § 47-25-501 et seq.  The Tennessee Trademark Act does not specifically have a venue provision, *see generally* Tenn. Code Ann. § 47-25-501 et seq.,[4] and Tennessee law provides:

> (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides.

Tenn. Code Ann. § 20-4-101(a).

Tennessee courts have analyzed venue by reference to the particular cause of action alleged in the complaint.  *Nickell, Inc. v. Psillas,* No. M2004-02975-COA-R3-CV, 2006 WL 1865018, at *2 (Tenn. Ct. App. June 30, 2006) ("A prerequisite to determining where a cause of action arose for purposes of venue, is the identification of the cause of action itself."); *Parrish v. Marquis,* No. W1999-02629-COA-R3-CV, 2000 WL 1051842, at *4 (Tenn. Ct. App. July 31, 2000) ("Our supreme court has indicated that the determination of where a cause of action arose for venue purposes depends upon the type of action being asserted."); *see*, *e.g.*, *Humphreys v. Selvey,* 154 S.W.3d 544, 555 (Tenn. Ct. App. 2004) (cause of action arose where the most significant events around the contract, including final delivery and payment, took place); *Parrish,* 2000 WL 1051842, at *5 (elements of tort could take place in two locations for purposes of venue but did not in the case under consideration); *McGee v. First Nat'l Bank*, No. 01A01-9508-CV-00341, 1996 WL 11208, at *4 (Tenn. Ct. App. Jan. 12, 1996) (abuse of process claim arose where process was issued, not where effect was felt).  Venue may properly lie in more than one place, and in such circumstances, the plaintiff may choose where to bring the action.  *Barrett v. Chesney,* No. W2014-01921-COA-R9-CV, 2015 WL 5679922, at *3 (Tenn. Ct. App. Sept. 28, 2015).

---

[2]  *See Men of Measure Clothing, Inc. v. Men of Measure, Inc.*, 710 S.W.2d 43, 48 (Tenn. Ct. App. 1985) (Petition to Rehear) ("[T]he Lanham Act has usually been interpreted as an embodiment of the common law.").

[3] *See Terra Aqua Gabions, Inc. v. Midwest Const. Products Corp.*, No. M2005-01753-COA-R3-CV, 2006 WL 2105996, at *5 (Tenn. Ct. App. July 28, 2006) ("We agree with the federal courts and our sister jurisdictions that state courts have concurrent subject matter jurisdiction to adjudicate claims of unfair competition brought under the Lanham Act.").

[4] *See also* Tenn. Code Ann. § 47-25-514(a) (a court may "enjoin the manufacture, use, display or sale of any counterfeits or imitations"); Tenn. Code Ann. § 47-25-515(a) ("Actions to require cancellation of a mark registered pursuant to this part or in mandamus to compel registration of a mark pursuant to this part shall be brought in the circuit court of Davidson County.")

Both parties in this case extensively rely on federal caselaw in their arguments regarding where the cause of action arose. As noted above, our state cases analyze venue by reference to the specific cause of action asserted. *See*, *e.g.*, *Parrish,* 2000 WL 1051842, at \*5; *Humphreys,* 154 S.W.3d at 555. The venue provisions of the federal courts do not actually govern venue here. 28 U.S.C.A. § 1391(a)(1) ("[T]his section shall govern the venue of all civil actions brought in district courts of the United States"). In order to achieve consistency with the federal trademark system, the Tennessee General Assembly has directed that "the construction given the federal act should be examined as persuasive authority for interpreting and construing" the Tennessee Trademark Act of 2000. Tenn. Code Ann. § 47-25-518. Both parties have agreed that the proper analysis in determining venue in the present case is to draw upon the federal Lanham Act and cases addressing venue under the federal Lanham Act to determine where venue is appropriate. The chancery court adhered to the same approach, and the parties remain in agreement on appeal before this court. Accordingly, we examine federal law and jurisprudence in evaluating where the cause of action in this case arose.

Turning thereto, federal law provides that venue in a civil action "shall be determined without regard to whether the action is local or transitory in nature." 28 U.S.C.A. § 1391(a)(2). A civil action under the Lanham Act may be brought, as pertinent, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.A. § 1391(b). Federal law has seen robust development regarding what "events or omissions giving rise to the claim" are sufficient to establish venue in the context of trademark infringement cases.

A claim under the Lanham Act "generally arises where the injury occurs." *Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.*, 769 F. Supp. 259, 261 (M.D. Tenn. 1991). Furthermore, "[w]hen determining where a trademark infringement claim arose for purposes of establishing venue, the proper inquiry is where the infringing activity occurred." *Id*. Under the Lanham Act, "venue could be proper in more than one district." *Cottman Transmission Sys.*, *Inc*. *v*. *Martino*, 36 F.3d 291, 294 (3d Cir. 1994). In determining whether venue is proper, "'the chosen venue does not have to be the place where the most relevant events took place,' but only where a 'substantial' part of the events or omissions giving rise to the claims occurred." *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) (quoting *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008)). "Courts have recognized that 'venue may be properly laid in more than one district,' and the 'substantial part of the events or omissions test does not require that the chosen venue be the best venue . . . the selected district must simply have a substantial connection to the claim.'" *Id.* (quoting *VP, LLC v. Newmar Corp.,* No. 11-2813, 2012 WL 6201828, at \*9 (E.D.La. Dec. 12, 2012)) ; *Pearle Vision*, *Inc*. *v. N.J. Eyes*, *Inc*., No. 1:08-CV-190, 2009 WL 73727, at \*4 (S.D. Ohio Jan. 6, 2009) ("More than one venue may be appropriate and a court need not determine which venue has the most substantial connection to the claim.").

JAC submits that there is no venue in Williamson County, drawing upon the *Nine Point Mesa* case. In that case, the plaintiffs sued defendants from Kentucky, South Carolina, and Texas for operating a restaurant with the same name in Hilton Head and planning to open others in nearby states. *Nine Point Mesa*, 769 F. Supp. at 260-61. The court found venue was improper in Tennessee for claims under the Lanham Act when there was no indication that the defendants had ever used the name at issue in Tennessee. *Id.* at 262 (concluding there was venue for the state-law contract claim because the contract was executed in Tennessee). JAC argues that under *Nine Point Mesa*, the claim arose in Rutherford County, where JAC used the name that is the subject of litigation. Here, however, Jasmine alleged that JAC advertised, provided services (i.e., sold products), and created consumer confusion in Williamson County.

The chancery court here rejected the idea that the locus of economic injury could, alone, establish venue. *See Am. Action Network, Inc. v. Cater Am., LLC,* No. 12-CV-1972 (RC), 2014 WL 12675253, at *2 (D.D.C. Feb. 12, 2014) (concluding that the cases explored in the opinion "hold that the place of economic injury is not *alone* sufficient to create venue"). The trial court is correct that "[t]here is a tendency to conclude that suffering economic harm within a district is not by itself sufficient to warrant transactional venue there." 14D Fed. Prac. & Proc. Juris. § 3806 (4th ed.); *see Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995) (rejecting the idea that venue lies in the forum bearing the ultimate effect of infringement); *ENTU Auto Servs., Inc. v. PicMyRide.Biz, LLC,* No. CIV.A. 15-77, 2015 WL 1638179, at *4 (E.D. La. Apr. 13, 2015) (rejecting the argument that venue was established in the district where the plaintiff would feel the effects of the infringement).

However, federal cases addressing the Lanham Act have concluded that venue can lie in a jurisdiction which is home to "the affixing of allegedly infringing labels, sales, customer confusion," and in a location where "the defendant actively targeted the district for advertising or other sales-related purposes." 14D Fed. Prac. & Proc. Juris. § 3806 (4th ed.); *see Chicago Reader, Inc. v. Metro Coll. Pub., Inc.,* 495 F. Supp. 441, 443 (N.D. Ill. 1980) (concluding that "negotiations by mail and telephone with potential Illinois advertisers, the attendance at two Illinois trade shows during which sales for advertising space in the 'Twin Cities Reader' were consummated, and the circulation of the 'Twin Cities Reader' within the state" were sufficient to establish venue); *Adidas Am., Inc. v. Cougar Sport, Inc.,* 169 F. Supp. 3d 1079, 1094 (D. Or. 2016) (venue is proper where consumers are likely to be confused or where the passing off occurs, even if only a small amount of merchandise is sold); *Get In Shape Franchise, Inc. v. TFL Fishers, LLC,* 167 F. Supp. 3d 173, 196 (D. Mass. 2016) (confusion is likely to occur where there is advertising or sales). "The place where the alleged passing off occurred . . . provides an obviously correct venue." *Woodke,* 70 F.3d at 985.

Here, Jasmine alleged that JAC advertised in Williamson County, that it provided services in Williamson County, and that Williamson County consumers purchased the services and were confused. We conclude that these allegations are sufficient to establish

venue under the causes of action asserted here.

JAC argues that nevertheless "[n]o proof of fact appears" regarding the allegation that Jasmine received phone calls from Williamson County consumers confused by JAC's name, and it avers that the allegation that JAC has provided restaurant services in Williamson County "is conclusory" and not supported by affidavits.

Respectfully, this misapprehends the standard on a motion to dismiss. Jasmine was not required to support its factual allegations with affidavits, because in a motion to dismiss, we take all factual allegations in the complaint as true unless contradicted by proof introduced by the defendant. *See Gordon*, 300 S.W.3d at 644; *J. Alexander's*, 2017 WL 1969763, at *2. The defendant did not submit such proof in this case.

Jasmine made allegations establishing venue in the verified Amended Complaint. JAC did not introduce any proof on the venue issue. In the present case, what was before the chancery court were Jasmine's assertions that JAC was providing services in Williamson County, that JAC advertised and marketed to residents of Williamson County, that Williamson County residents had expressed confusion, that callers to Jasmine had incorrectly assumed JAC was Jasmine's second location, and that Jasmine suffered economic harm in Williamson County. This is sufficient to defeat the motion to dismiss for improper venue, and the trial court's conclusion to the contrary was in error.[5]

IV.

Based on the foregoing reasoning, we reverse the judgment of the Chancery Court for Williamson County. Costs of this appeal are taxed to the appellee, Jasmine Asian Cuisine, LLC, for which execution may issue if necessary. The case is remanded for further proceedings consistent with this opinion.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE

---

[5] Jasmine also argues on appeal that it should have been permitted to file a further response to the motion to dismiss as applied to the Amended, rather than original, Complaint or that it should have been permitted additional discovery on the issue of venue. Jasmine also contends that the chancery court erred in not requiring JAC to file a new motion to dismiss rather than applying the motion to dismiss to Jasmine's Amended Complaint. Having concluded that the Amended Complaint adequately pled venue, we pretermit discussion of these issues.

JAC also attempts to present argumentation on the merits of the claim, asserting that the word *jasmine* is so generic that it cannot be protected under the legal theories advanced by Jasmine. However, the trial court's order granted dismissal based on venue, and accordingly, this issue is simply not before us.